BETTY M. JACKSON v. FAYETTEVILLE AREA SYSTEM OF TRANSPORTA-
TION

No. 8510IC381

(Filed 17 December 1985)

**Master and Servant § 94.1— workers' compensation—insufficient findings regard-
ing injury**

    Findings by the Industrial Commission that plaintiff employee exerted an
unusual amount of pressure during a particular task and then experienced pain
in her back and her leg and that, as a result of such injury, plaintiff had to
seek medical attention were insufficient to support a conclusion that plaintiff
sustained an injury by accident arising out of and in the course of her employ-
ment absent a specific finding that plaintiff sustained an injury and a specific
finding regarding the nature of such injury.

APPEAL by defendant from the North Carolina Industrial
Commission. Opinion and Award filed 14 January 1985. Heard in
the Court of Appeals 23 October 1985.

Defendant appeals from an opinion and award of the In-
dustrial Commission awarding plaintiff workers' compensation
benefits. The Commission found as follows, in pertinent part:

    1. Plaintiff's job responsibilities for defendant employer
included . . . pulling the money from the bus collection boxes
and running the money through a sorter to get it ready for
the bank.

    2. While performing her duties on December 13, 1982,
plaintiff experienced difficulty in running the money from
one of the boxes. Plaintiff exerted an unusual extra amount
of pressure on this particular box and had to stop and rest,
and then try it again. Plaintiff went back and tried again, and
when the box turned loose, pain went across her back and
down her right leg.

    3. As a result of this injury, plaintiff has experienced
pain and discomfort and had to seek medical attention. Since
December 13, 1982, plaintiff has used eight sick days, fifteen
vacation days, and began leave without pay as of September
19, 1983.

4. Plaintiff was operated on for a slipped disc in 1961. Since this operation, she has worked for 18 or 19 years without any problem.

Based on these findings, the Commission concluded that "[o]n December 13, 1982, plaintiff sustained an injury by accident arising out of and in the course of her employment," and that she is entitled to workers' compensation benefits.

*Hedahl & Radtke, by Joan E. Hedahl, for plaintiff.*

*Robert C. Cogswell, Jr. for defendant.*

WELLS, Judge.

Defendant assigns as error the critical findings of fact made and the conclusion reached by the Commission. In passing upon an appeal from an award of the Industrial Commission, our review is limited to the following questions of law: (1) whether there was any competent evidence before the Commission to support its findings of fact; and (2) whether the findings of fact of the Commission justify its legal conclusions and decision. *Hansel v. Sherman Textiles*, 304 N.C. 44, 283 S.E. 2d 101 (1981).

The Commission is required to make specific findings of fact as to each material fact upon which the right to compensation depends. *Id.; Guest v. Iron & Metal Co.*, 241 N.C. 448, 85 S.E. 2d 596 (1955). If the Commission's findings are insufficient to enable the court to determine the rights of the parties upon the matters in controversy, the cause must be remanded to the Commission for proper findings of fact. *Hansel v. Sherman Textiles, supra; Thomason v. Cab Co.*, 235 N.C. 602, 70 S.E. 2d 706 (1952). As explained by our Supreme Court in *Thomason*:

> [The Commission's findings of fact] must be sufficiently positive and specific to enable the court on appeal to determine whether they are supported by the evidence and whether the law has been properly applied to them. . . . It is likewise plain that the court cannot decide whether the conclusions of law and the decision of the Industrial Commission rightly recognize and effectively enforce the rights of the parties upon the matters in controversy if the Industrial Commission fails to make specific findings as to each material fact upon which these rights depend.

Guided by these principles, we conclude that the findings made in the present case are insufficient to support the Commission's conclusion and decision because no specific finding was made that plaintiff sustained an injury or that determined the nature of that injury, if any. It is obvious that the fact plaintiff sustained an injury is a critical fact upon which her right to compensation depends; thus, a specific finding of that fact is required. The Commission's finding that plaintiff experienced pain as a result of what occurred while she was performing her duties on 13 December 1982 is not sufficient as pain is not in and of itself a compensable injury. See N.C. Gen. Stat. § 97-31 (1985); *Branham v. Panel Co.*, 223 N.C. 233, 25 S.E. 2d 865 (1943) (There is no provision in the Workers' Compensation Act for . compensation for physical pain or discomfort). *But cf. Penland v. Coal Co.*, 246 N.C. 26, 97 S.E. 2d 432 (1957) and *Roper v. J. P. Stevens & Co.*, 65 N.C. App. 69, 308 S.E. 2d 485 (1983), *disc. rev. denied,* 310 N.C. 309, 312 S.E. 2d 652 (1984) (Compensation may be awarded in some circumstances for pain *resulting* from an injury). Pain, rather than being itself an injury, is a manifestation or indication of an injury. *See Webster's New Collegiate Dictionary* 824 (1977) (defining "pain" as "usu[ally] localized physical suffering associated with bodily disorder (as a disease or an injury)"). Nor is the Commission's reference to an injury in finding number three sufficient, as it merely implies, rather than directly states, that plaintiff sustained an injury and does not indicate the nature of that injury.

Because of the insufficiency of the findings as to plaintiff's injury by accident, we reverse and remand the cause to the Industrial Commission for specific findings of fact regarding the injury, if any, sustained by plaintiff and the nature of that injury. Because we so hold, we need not address the assignments of error presented by defendant.

Reversed and remanded.

Judges ARNOLD and MARTIN concur.