BETTY M. JACKSON v. FAYETTEVILLE AREA SYSTEM OF TRANSPORTATION

No. 8710IC489

(Filed 15 December 1987)

**Master and Servant § 94.1— workers' compensation—insufficient findings as to injury—second remand for findings**

Where the Industrial Commission made findings supported by the evidence in its original opinion and award which established an accident, and the Court of Appeals remanded the proceeding for the Industrial Commission to

make specific findings of fact regarding the existence and nature of the injury sustained by plaintiff, the Commission exceeded the scope of its instructions on remand by vacating its earlier findings and revising its entire opinion. Moreover, the Commission failed to make specific findings as directed regarding the injury sustained by plaintiff, and the matter is again remanded for the Commission to make findings as to the existence and nature of any injury sustained by plaintiff and to make appropriate conclusions and an order based on its findings.

APPEAL by plaintiff from order of the North Carolina Industrial Commission filed 2 December 1986. Heard in the Court of Appeals 18 November 1987.

*Hedahl and Radtke, by Joan E. Hedahl for plaintiff-appellant.*

*Robert C. Cogswell, Jr. for defendant-appellee.*

BECTON, Judge.

I

This is the second appeal of this Workers' Compensation case. Plaintiff, Betty M. Jackson, sought benefits for an injury by accident she allegedly sustained while she was employed by the defendant, Fayetteville Area System of Transportation.

Plaintiff's testimony before the deputy commissioner tended to show the following pertinent facts. Plaintiff's job responsibilities for defendant included removing the money collection boxes from buses, inserting them into a machine, and turning the boxes to a position that allowed the money to fall out and be sorted and counted by the machine. On 13 December 1982, while "running the money" in this manner, plaintiff experienced unusual difficulty with one of the boxes.

In response to questioning by her attorney, plaintiff testified as follows:

Q. Was there anything unusual that night?

A. Yes. The particular box that I was working with—I couldn't get it to get in the slot where it would turn.

Q. What were you doing? How were you trying?

A. I was pressing on it and trying to force it to turn.

Q. What happened next?

A. I kept working with it. I had to stop a few minutes because it was so hard and I was give out and I would say, relaxed just a minute or two and then I went back and tried again and when the box turned loose, pain went across my back and down my right leg.

She further testified, on cross-examination: "I had no problem with any box until this particular one. It just would not open." Plaintiff stated that she could not recall ever having a box that was that tough or that heavy, and that she had not previously had to put as much pressure on one to get it to open.

Following the incident, plaintiff and a co-worker finished that night's work, but plaintiff could "hardly walk." The next day, she sought medical attention for the pain in her leg and back. Eventually, plaintiff had surgery and stopped working completely.

After the hearing on 6 June 1984, the deputy commissioner found facts and concluded that, although plaintiff sustained an injury, the injury was not compensable because it was not the result of an accident. On appeal, the full Commission set aside the deputy commissioner's opinion and award, substituted its own findings of fact, and concluded that plaintiff sustained a compensable injury by accident arising out of and in the course of employment.

Defendant appealed to this Court, and in *Jackson v. Fayetteville Area System of Transportation*, 78 N.C. App. 412, 337 S.E. 2d 110 (1985), the matter was reversed and remanded due to the absence of any findings of fact regarding the existence and nature of the injury sustained by plaintiff. On remand, the Commission reconsidered the entire record, along with briefs and arguments of counsel, and on 2 December 1986, reinstated the original opinion and award of the deputy commissioner in its entirety.

Plaintiff now appeals from the 2 December 1986 decision denying her claim, contending that the Commission (1) exceeded the scope of its authority on remand, and (2) erred by ruling that plaintiff's injury was not compensable under the Workers' Compensation Act. Because the Commission failed to follow the instructions of this Court on remand, and because the Commission's

new findings and conclusions are not supported by the evidence, we once again reverse and remand the matter for further proceedings.

## II

It appears from the record that the primary issue between the parties at all stages of this case has been whether plaintiff was injured as the result of an *accident,* as required by N.C. Gen. Stat. Sec. 97-2(6) in order to receive compensation. It is well-settled in this state that an extra or unusual degree of exertion by an employee while performing a job may constitute the unforeseen or unusual event or condition necessary to make any resulting injury an injury "by accident." *See, e.g., Jackson v. North Carolina State Highway Commission,* 272 N.C. 697, 158 S.E. 2d 865 (1968); *Gabriel v. Town of Newton,* 227 N.C. 314, 42 S.E. 2d 96 (1947); *Gladson v. Piedmont Stores,* 57 N.C. App. 579, 292 S.E. 2d 18, *disc. rev. denied,* 306 N.C. 556, 294 S.E. 2d 370 (1982); *Bingham v. Smith's Transfer Corp.,* 55 N.C. App. 538, 286 S.E. 2d 570 (1982); *Porter v. Shelby Knit, Inc.,* 46 N.C. App. 22, 264 S.E. 2d 360 (1980). In our opinion, the facts of this case are analogous to those in *Porter,* in which the Court upheld the Commission's determination that the plaintiff had suffered an injury by accident when he experienced pain while straining to withdraw a rod from a roll of cloth which was "extra tight" and "unusually hard" to pull out.

In the present case, the Commission found as a fact that "[o]n 13 December 1982, the plaintiff performed this task [emptying the money boxes] without interruption of her normal work routine." We hold that this finding is not supported by the evidence.

In the original opinion and award, filed 14 January 1985, the Commission made different findings, supported by the evidence, which supported a conclusion that if plaintiff was injured, she was injured "by accident" within the meaning of the statute.[1] However, in determining the existence of an injury by accident, "accident" and "injury" are considered separate. *Harding v. Thomas & Howard Co.,* 256 N.C. 427, 429, 124 S.E. 2d 109, 111 (1962). Just as the mere fact of injury does not of itself establish

---

1. These findings are set forth in our original opinion at 78 N.C. App. 412-13, 337 S.E. 2d at 110.

the fact of accident, *see, e.g., Reams v. Burlington Industries*, 42 N.C. App. 54, 255 S.E. 2d 586 (1979); neither does the fact that an accident occurred establish that an employee was injured.

Although, in its original opinion, the Commission made findings which establish an accident, it failed to specifically find that plaintiff was injured, and it was for that reason that the case was remanded. The Court instructed the Commission, on remand, to make "specific findings of fact regarding the injury, if any, sustained by plaintiff and the nature of that injury," *not* to reconsider the case in its entirety, 78 N.C. App. at 414, 337 S.E. 2d at 112. The Commission was entitled to reverse its conclusion of injury by accident only if it found as a fact that plaintiff was not injured.

The Commission exceeded the scope of its instructions by revising its entire opinion and vacating its earlier findings. Moreover, the Commission failed to make findings, as directed, regarding any injury sustained by plaintiff. Although the new opinion concludes as a matter of law that plaintiff "sustained an injury," there is no finding to support that conclusion.

For these reasons, this matter is again reversed and remanded so that the Commission may carry out this Court's original directions to make specific findings of fact regarding the injury, if any, sustained by plaintiff, and to make the appropriate conclusions and order based on its findings. The Commission is also authorized to consider medical or other additional evidence if necessary to determine whether plaintiff was injured and the nature of her injury.

Reversed and remanded.

Judges PHILLIPS and GREENE concur.