RICHARD SIMON, PLAINTIFF EMPLOYEE v. TRIANGLE MATERIALS, INC., EMPLOYER DEFENDANT AND LUMBERMEN'S UNDERWRITING ALLIANCE INSURANCE CO., CARRIER; DEFENDANT(S)

No. 9110IC177

(Filed 7 April 1992)

**Master and Servant § 75 (NCI3d)— workers' compensation—back injury—surgery—relief from pain**

In a case decided under the pre-1991 amendment to N.C.G.S. § 97-25, the Industrial Commission erred by denying a workers' compensation plaintiff medical expenses for back surgery where there was evidence in support of findings that back surgery would not lessen plaintiff's period of disability or effect a cure, but no evidence to support the finding that surgery would not give plaintiff relief, and medical testimony that surgery would likely give plaintiff relief from his continuous pain. Relief from pain constitutes "relief" as that term is used in N.C.G.S. § 97-25.

**Am Jur 2d, Workmen's Compensation §§ 391, 393.**

APPEAL by plaintiff from an opinion and award entered 4 December 1990 by the North Carolina Industrial Commission. Heard in the Court of Appeals 14 November 1991.

On 14 April 1988 plaintiff, then an employee of Triangle Materials, Inc. (Triangle), injured his back when he slipped and fell while unloading sheetrock at a building site. Plaintiff's job required that he and a co-worker hand-carry bundles of sheetrock weighing between 170 and 240 pounds from a boom truck to their designated location. At times plaintiff had to carry these bundles of sheetrock to the second or third story of a building under construction. Plaintiff's average weekly wage was $475.20.

Plaintiff waited approximately one week before seeking medical attention for his neck and back injuries. However, when the pain did not subside, plaintiff sought treatment from Dr. John Glasson on 21 April 1988. Dr. Glasson, an orthopedic surgeon, examined plaintiff and took x-rays of his back. Dr. Glasson's impression at that time was that plaintiff had suffered ligamentous and muscular strain to the cervical and lumbar spine. He instructed plaintiff to go on a light duty work schedule and prescribed pain medication and a lumbosacral support for plaintiff to wear.

After his injury, plaintiff continued working at his same job until early September 1988. During that time plaintiff's co-workers assisted him with the performance of his duties because plaintiff was unable to continue carrying the sheetrock. On 8 September 1988 plaintiff was transferred to a job working in Triangle's warehouse at an average weekly wage of $270.00. Plaintiff's back problems continued, however, as his warehouse job required him to move 65 pound pails of joint compound and other construction supplies weighing at least 45 pounds.

While working in the warehouse, plaintiff continued treatment with Dr. Glasson and was also seen on a diagnostic referral basis by Dr. Edwin Preston and Dr. David Fajgenbaum. The findings of Drs. Preston and Fajgenbaum do not appear in the record evidence. In April of 1989, plaintiff left employment with Triangle. After a period of self-employment, plaintiff obtained a light duty job in October 1989 where he earned $380.00 per week.

On 11 May 1989, plaintiff saw Dr. Stephen Grubb, an orthopedic surgeon, on referral from Dr. Glasson and the North Carolina Division of Vocational Rehabilitation. Dr. Grubb admitted plaintiff to Durham County General Hospital on 3 August 1989 where he performed a myelogram, a diskogram, and related CAT scans. After reviewing the results of these tests, Dr. Grubb concluded that surgery was the treatment of choice in plaintiff's case.

SIMON v. TRIANGLE MATERIALS, INC.

[106 N.C. App. 39 (1992)]

Plaintiff seeks medical expenses under the Workers' Compensation Act for surgery for his back injury. A Deputy Commissioner of the Industrial Commission awarded plaintiff (1) permanent partial disability for a period of 30 weeks at the rate of $316.80 per week; (2) an as yet undetermined amount of temporary partial disability compensation; and (3) that defendants pay all medical expenses incurred by plaintiff as a result of his injury by accident. However, the Deputy Commissioner, using the language of N.C. Gen. Stat. § 97-25, denied medical expenses for back surgery finding that "[a]t this time, any surgery to plaintiff's back will not effect a cure, give relief or tend to lessen plaintiff's period of disability." Plaintiff appealed to the Full Commission. The Full Commission modified and affirmed the award of the Deputy Commissioner, the modification being the addition of a conclusion of law stating that "[a]t this time, any surgery to plaintiff's back will not effect a cure, give relief or tend to lessen plaintiff's period of disability." From the decision of the Full Commission, plaintiff appeals.

*Lore & McClearen, by F. Scott Templeton and R. Edwin McClearen, for plaintiff-appellant.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by P. Collins Barwick, III, for defendant-appellees.*

ORR, Judge.

Appellate review of an order and award of the Industrial Commission is limited to a determination of whether the findings of the Commission are supported by the evidence and whether the findings in turn support the legal conclusions of the Commission. *Cody v. Snider Lumber, Co.*, 328 N.C. 67, 399 S.E.2d 104 (1991) (citations omitted). This is so even though there is evidence which would support a finding to the contrary. *Crawford v. Warehouse Co.*, 263 N.C. 826, 140 S.E.2d 548 (1965). However, if the findings are predicated on an erroneous view of the law or a misapplication of the law, they are not conclusive on appeal. *See e.g., Bailey v. Dept. of Mental Health*, 272 N.C. 680, 159 S.E.2d 28 (1968) (remand required to consider evidence in its true legal light). Furthermore, findings of fact which are essentially conclusions of law will be treated as such upon review. *Cody*, 328 N.C. 67, 399 S.E.2d 104.

Plaintiff asserts that pursuant to N.C. Gen. Stat. § 97-25 defendants are required to pay for his back surgery and related medical expenses as long as the surgery is reasonably required

to give plaintiff relief, regardless of whether such surgery will lessen the period of disability or effect a cure for his injury. In this case plaintiff contends the surgery will relieve a substantial portion of the pain he is suffering. Defendant argues that medical services that may reasonably be required to effect a cure or give relief may be required by the employer only if the period of disability would be lessened.

Our Supreme Court directly addressed the issue of whether a plaintiff is entitled to future medical expenses under N.C. Gen. Stat. § 97-25 even though they will not lessen the period of disability in *Little v. Penn Ventilator Co.*, 317 N.C. 206, 345 S.E.2d 204 (1986). In *Little* the court held that N.C. Gen. Stat. § 97-25 does *not* limit an employer's obligation to pay future medical expenses to those cases in which such expenses will lessen the period of disability. *Id.*, 345 S.E.2d 204. As a result of a 1973 amendment deleting the ten-week limitation with respect to medical treatments required to effect a cure or give relief, the Court held that N.C. Gen. Stat. § 97-25 provides alternate grounds for relief. As amended "[t]he statute also requires employers to pay the expenses of future medical treatments even if they will not lessen the period of disability as long as they are reasonably required to (1) effect a cure or (2) give relief." *Id.* at 210, 345 S.E.2d at 207.

The relevant portion of the statute provides:

> Medical, surgical, hospital, nursing services, medicines, sick travel, rehabilitation services, and other treatment including medical and surgical supplies as may reasonably be required to effect a cure or give relief and for such additional time as in the judgment of the Commission will tend to lessen the period of disability, . . . shall be provided by the employer. . . .

N.C. Gen. Stat. § 97-25 (1985). We are advertent to the fact that effective 15 July 1991 the legislature again amended N.C. Gen. Stat. § 97-25 by substituting the term "medical compensation" for the statutory language cited above. However, it is the pre-1991 amended version that governs the resolution of this case.

Here the Deputy Commissioner found as fact that "[a]t this time, any surgery to plaintiff's back will not effect a cure, give relief or tend to lessen plaintiff's period of disability." The full Commission adopted and affirmed this finding and restated it as a conclusion of law in its opinion and award. Our review of the

record reveals that while there is evidence in support of the findings that back surgery will not lessen plaintiff's period of disability or effect a cure, there is no evidence in support of the finding that surgery would not give plaintiff relief. Here both medical experts testified that surgery would likely give plaintiff relief from his continuous pain. Dr. Grubb testified as follows:

> I felt due to his age, the pathology, the location of the pathology, how much this was functionally impairing him to—as far as being able to work and make a living and do the things that he needs to and wants to do . . . that surgery was the treatment of choice. . . . we feel that with this type of surgery, you have at least an eighty percent chance of getting rid of eighty percent of the pain. In Mr. Simon's case, knowing him as I do, I feel that our odds are higher than that.

Dr. Glasson testified that:

> . . . with surgery . . . it is my opinion that [while] reducing this disability would not be likely . . . [rather] I would say that the ojective of the surgery would be pain relief.

When questioned further, Dr. Glasson responded affirmatively that it was likely that surgery would give plaintiff some relief from continued back problems. Dr. Glasson, who originally treated plaintiff, also testified that at this point in plaintiff's recovery, continued conservative treatment would not offer any significant improvement in plaintiff's condition. While the evidence regarding whether plaintiff has reached maximum medical improvement is conflicting, there appears to be no conflict regarding whether or not surgery would lessen plaintiff's pain.

In our judgment, relief from pain constitutes "relief" as that term is used in N.C. Gen. Stat. § 97-25. While our courts have consistently recognized that the Workers' Compensation Act makes no provision for compensation for physical pain and suffering, *see e.g., Jackson v. Fayetteville Area System of Transp.*, 78 N.C. App. 412, 337 S.E.2d 110 (1985), *appeal after remand*, 88 N.C. App. 123, 362 S.E.2d 569 (1987), compensation may be awarded in some circumstances for pain resulting from an injury. *See Roper v. J.P. Stevens & Co.*, 65 N.C. App. 69, 308 S.E.2d 485 (1983), *disc. review denied*, 310 N.C. 309, 312 S.E.2d 652 (1984). Similarly, when a back injury causes referred pain to the extremities of the body and this pain impairs the use of the extremities, then the award of

SIMON v. TRIANGLE MATERIALS, INC.

[106 N.C. App. 39 (1992)]

workers compensation must take into account such impairment. *Fleming v. K-Mart Corp.*, 312 N.C. 538, 324 S.E.2d 214 (1985). Furthermore, N.C. Gen. Stat. § 97-25 provides three alternate grounds for *future medical treatment*. This compensation for medical treatment seems distinguishable from compensation for lost earnings. The fact that "pain is not in and of itself a compensable injury," *Jackson*, 78 N.C. App. at 414, 337 S.E.2d at 112, should not foreclose extending the "relief" anticipated by N.C. Gen. Stat. § 97-25 to include relief from pain. If the psychological and emotional benefits to an employee that flow from monitoring his condition constitute "relief" as that term is used in the statute, *see Little*, 317 N.C. 206, 345 S.E.2d 204, then clearly, relief from pain is also contemplated. As in *Little*, to rule otherwise would yield an impracticable result. *Id.* at 214, 345 S.E.2d at 210. Had plaintiff's physician elected to perform surgery immediately after the accident, then surgery would have fallen within the statutory definition of relief. Because a conservative treatment (based on less extensive testing) was originally undertaken, plaintiff should not be barred from obtaining more extensive future medical treatment that may be anticipated to give him relief from the pain he suffers.

Having determined that relief from pain is a legitimate aspect of the "relief" anticipated by future medical treatment under N.C. Gen. Stat. § 97-25, we therefore reverse the Commission's denial of future medical expenses for plaintiff's back surgery. Plaintiff's additional assignments of error not being presented for appellate review are deemed abandoned pursuant to Rule 28(b)(5) of the North Carolina Rules of Appellate Procedure. The remainder of the Commission's order not having been challenged is therefore affirmed.

Affirmed in part and and reversed in part.

Judges JOHNSON and EAGLES concur.