The Full Commissions has reviewed this matter based upon the record of the proceedings before Deputy Commissioner Douglas E. Berger and the briefs and oral arguments on appeal. The appealing part has not shown good ground to reconsider the evidence, receive further evidence or to amend the award.
 *********
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner and in the Pre-Trial Agreement as
 STIPULATIONS
1. All stipulations contained in the Pre-Trial Agreement are received into evidence.
2. A set of medical records marked as stipulated exhibit 1 was received into evidence.
 ********
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. On 3 November 1996, plaintiff was employed as a supervisor for the defendant-employer. Plaintiff's regular job duties included supervising twenty employees, assisting customers, and lifting pieces of glass by himself and in conjunction with fellow employees.
2. While plaintiff has a prior history of left knee problems, plaintiff does not have a prior history of right knee problems.
3. On 3 November 1996, plaintiff and a co-employee met with a driver who was delivering a piece of glass that weighed approximately four hundred pounds. Plaintiff and the co-employee attempted to move the piece of glass from the truck where the glass was located into a truck operated on behalf of the defendant-employer. As plaintiff and the co-employee attempted to put the piece of glass down into the vehicle operated on behalf of the defendant-employer, plaintiff's right knee twisted inward or buckled.
4. As a result of the above described lifting incident in paragraph three, plaintiff sustained a right knee sprain.
5. It was not unusual for plaintiff to lift glass. It was not unusual for the plaintiff to move glass from one vehicle to another.
6. It did require an unusual degree of exertion by the plaintiff to lift the piece of glass that weighed four hundred pounds. Plaintiff's regular job duties required him to lift up to one hundred pounds. This particular piece of glass was the heaviest piece of glass the plaintiff had picked up during his seventeen years of employment with the defendant-employer.
7. The 3 November 1996 lifting incident involving a piece of glass constituted a set of circumstances that involved the interruption of plaintiff's regular work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences.
8. The medical treatment provided by Dr. Fletcher and Pro-Active Therapy Inc. was reasonably necessary to lessen plaintiff's disability and relieve his pain. Plaintiff did experience some pain relief as a result of this treatment.
 ********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. An extra or unusual degree of exertion by an employee while performing a job may constitute the unforeseen or unusual event or condition necessary to make the resulting injury an injury by "accident". Jackson v. Fayetteville Area System ofTransportation, 88 N.C. App. 123, 362 S.E.2d 569 (1987).
2. On 3 November 1996, plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant-employer when he injured his right knee in the work assigned. N.C. Gen. Stat. § 97-2(6).
3. Plaintiff is entitled to have the defendants pay for medical treatment that is reasonably necessary to effect a cure, reduce pain and/or lessen plaintiff's disability. N.C. Gen. Stat. § 97-25.
 ********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendants shall pay the treatment provided by Dr. Fletcher and Pro-Active Therapy for plaintiff's right knee sprain.
2. Plaintiff's claim for permanent partial disability compensation for his right knee, if any, is HEREBY RESERVED for later determination.
3. Defendants shall pay the costs due this Commission.
 S/ ______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/ ______________ THOMAS J. BOLCH COMMISSIONER
S/ ______________ DIANNE C. SELLERS COMMISSIONER