An "accident," within the meaning of the Workers' Compensation Act, is in an unlooked for and untoward event that is not expected or designed by the injured employee. Conrad v. Cook-Lewis Foundry Co., 198 N.C. 723,153 S.E. 266 (1930). Unusualness and unexpectedness are the essence of an accident. Davis v. Raleigh Rental Center, 58 N.C. App. 113, 292 S.E.2d 763
(1982). As such, an accident involves the interruption of the work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences. Harding v. Thomas Howard, Co.,256 N.C. 427, 124 S.E.2d 109 (1962). Poe v. Acme Bldrs., 69 N.C. App. 147,316 S.E.2d 338, cert. denied, 311 N.C. 762, 321 S.E.2d 143 (1984). Furthermore, it is well-settled that an extra or unusual degree of physical exertion may in and of itself be the precipitating cause of an injury by accident. Hollar v. Montclair Furn. Co., 48 N.C. App. 489,269 S.E.2d 667 (1980); Jackson v. Fayetteville Areas Sys. of Transp.,88 N.C. App. 123, 362 S.E.2d 569 (1987).
The majority has erred in finding that plaintiff did not sustain a compensable injury by accident on February 12, 2001, when plaintiff injured her rotator cuff when attempting to catch a heavy ream of paper as it slipped from her grasp while she attempted to load the ream into a printer. Plaintiff testified:
 "Well, when I went to put [the paper] in, the — my right hand — it slipped out just a little bit. And I grabbed it before I put it in [the printer]. And when I grabbed it, I could feel the — I could feel something pulling in my shoulder."
Based upon this testimony, it is evident that plaintiff's usual work routine was interrupted when the box of paper began to slip, which can only be characterized as an unusual condition. As a consequence, plaintiff was required to employ an extra or unusual degree of physical exertion to prevent the ream of paper from falling and causing damage or injury to herself or the printer, and thereby sustained an injury by accident.
Conversely, the majority failed to find an injury by accident and found that even if plaintiff's testimony regarding the accident is accepted as credible, the medical evidence fails to show that this incident precipitated her shoulder condition. The bases for such finding is Dr. Sypher's testimony that it was unlikely that the February 12 incident alone caused plaintiff's shoulder problems, and medical notes from Dr. Smith that show an onset of a right shoulder problem prior to the February 12 incident. Dr. Sypher additionally testified that rotator cuff disease is an insidious, gradual onset process, and rarely attributable to a single incident. However, "where the right to recover is based on injury by accident, the employment need not be the sole causative force to render an injury compensable." Kendrick v. City of Greensboro,80 N.C. App. 183, 186, 341 S.E.2d 122, 123, disc. review denied,317 N.C. 335, 346 S.E.2d 500 (1986); Hansel v. Sherman Textiles,304 N.C. 44, 52, 283 S.E.2d 101, 106 (1981). Moreover, even if plaintiff's right shoulder problems did pre-exist her work-related incident on February 12, the aggravation of a pre-existing condition that results in a loss of wage earning capacity is compensable under the Workers' Compensation Act. Smith v. Champion Intern., 134 N.C. App. 180,517 S.E.2d 164 (1999).
The majority erred in failing to find that plaintiff sustained an injury by accident on February 12, 2001, and that such accident was the proximate cause, or aggravation, of her rotator cuff injuries. For these reasons, I respectfully dissent.
This 25th day of July 2003.
 S/_____________ THOMAS J. BOLCH COMMISSIONER