RANDY R. LEWIS, EMPLOYEE, PLAINTIFF v. BEACHVIEW EXXON SERVICE, EMPLOYER, AND PENN NATIONAL INSURANCE CO., CARRIER, DEFENDANTS

No. COA04-711

(Filed 18 October 2005)

**Workers' Compensation— payments for three years after Form 60—estoppel—not addressed**

The Industrial Commission erred in a workers' compensation case by failing to address estoppel. It is undisputed that defendants paid plaintiff for three years after the Form 60 before con-

testing compensability (N.C.G.S. § 97-18(d) requires that the claim be contested within ninety days of the injury).

Judge STEELMAN concurring in part and dissenting in part.

Appeal by plaintiff from opinion and award entered by the North Carolina Industrial Commission on 30 January 2004. Heard in the Court of Appeals 1 March 2005.

*Wilson & Ratledge, P.L.L.C., by Perry J. Pelaez, for plaintiff-appellant.*

*Cranfill, Sumner & Hartzog, L.L.P., by Buxton S. Copeland & Meredith T. Black, for defendant-appellees.*

HUDSON, Judge.

Deputy Commissioner W. Bain Jones heard this case on 25 February 2002 and filed an opinion and award on 31 July 2002, awarding plaintiff temporary total disability, medical benefits, and attendant care for his claim related to his pulmonary condition. Defendants appealed to the Full Commission which, on 30 January 2004, reversed the opinion of the deputy commissioner. Plaintiff appeals. For the reasons discussed below, we remand the case for further findings and conclusions.

The evidence tends to show that on 16 September 1997, while working as a mechanic for defendant-employer, plaintiff felt a pop and severe pain in the abdomen when he used a pry bar to change a crankshaft. Plaintiff notified defendant-employer and went to Carteret General Hospital (the hospital) the following day, where he was diagnosed with a hernia. On 19 September 1997, Dr. Richard Wray surgically repaired the hernia. Plaintiff was released from the hospital the following day, 20 September 1997. On 21 September 1997, plaintiff developed chest tightness, shortness of breath, and wheezing. He went back to the hospital, where he was diagnosed with pneumococcal pneumonia and re-admitted. Plaintiff was treated with antibiotics and discharged approximately one week later, with a diagnosis of severe obstructive lung disease.

By 7 October 1997, plaintiff's hernia had healed. On 22 October 1997, Dr. Wray released plaintiff to work concerning his hernia repair. However, Dr. Joseph Nutz continued to treat plaintiff's pulmonary condition and did not release him to work. On 25 October 1997, plaintiff again experienced chest tightness, shortness of breath, coughing

and congestion. He returned to the hospital for four days and was diagnosed with chronic obstructive pulmonary disease. Plaintiff had asthma as a child and smoked all of his adult life.

In November 1997, defendants referred plaintiff to Dr. Ted Kunstling, a pulmonary disease specialist. After examining plaintiff, Dr. Kunstling determined that plaintiff had experienced acute "exacerbation of chronic obstructive pulmonary disease by a lower respiratory infection, which occurred subsequent to his inguinal hernia repair." In an evaluation letter to defendants' claims representative, Dr. Kunstling indicated that plaintiff's pulmonary condition was causally related to the hernia operation. Defendants then filed a Form 60, admitting plaintiff's right to compensation as of 31 December 1997.

In April 1998, Dr. Kunstling indicated plaintiff could return to work in jobs that required no strenuous exertion and no exposure to dust, fumes, or extreme temperatures. On 28 May 1998, Dr. Kunstling determined that plaintiff had reached maximum medical improvement as to his asthma but would continue to need treatment for future exacerbations. Although plaintiff was offered several jobs, he was too symptomatic to accept employment, as verified by Dr. Kunstling. On 13 May 1999, Dr. Kunstling indicated that plaintiff was totally and permanently disabled due to his pulmonary condition.

Plaintiff filed a Form 33 on 8 July 2000, for failure to pay medical expenses. On 26 September 2000, defendants filed a Form 33R, contending that plaintiff's condition was not causally related to his compensable injury from 16 September 1997. Then on 4 October 2000, defendant-carrier filed a Form 62, reducing plaintiff's temporary total disability for alleged prior miscalculation of the average weekly wage. Defendants hired Dr. Gregory Pape, Chief of Pulmonary and Critical Care Medicine at East Carolina School of Medicine, and Dr. Albert Schwartz, Chief of Pulmonary Medicine at Duke University to review plaintiff's case. Dr. Schwartz examined plaintiff on 8 February 2001, and Dr. Pape evaluated him on 15 February 2001. Both doctors also reviewed the medical records and each independently concluded that plaintiff's pulmonary condition was not the result of his surgery or hospital-acquired pneumonia, but rather was the result of smoking, pre-existing asthma, and community-based pneumonia acquired *prior to* his hernia surgery.

Plaintiff's first three arguments in his brief essentially assert that the Commission erred by failing to address his estoppel defense.

Plaintiff argues that N.C. Gen. Stat. § 97-18(d) (2000) required defendants to contest plaintiff's claim within ninety days from his injury and that they failed to do so. It is undisputed that after filing a Form 60, defendants paid plaintiff for three years before contesting the compensability of the injury. Plaintiff contends that defendants waived their right to contest compensability of his pulmonary condition when they did not contest it within ninety days of the injury. Similarly, plaintiff argues that because defendants paid him for three years without denying his claim, that they should now be estopped from denying his claim. Without addressing the merits of plaintiff's substantive arguments here, we conclude that the Commission erred in failing to address these issues.

The parties stipulated that the issues before both the deputy commissioner and the Full Commission included "whether defendants are estopped from denying plaintiff's pulmonary condition." These stipulations of the issues are set forth in both opinions. The scope of this Court's review of an Industrial Commission decision is limited:

> (1) the full Commission is the sole judge of the weight and credibility of the evidence, and (2) appellate courts reviewing Commission decisions are limited to reviewing whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law.

*Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000) (citing *Adams v. AVX Corp.*, 349 N.C. 676, 509 S.E.2d 411 (1998)). We may not "weigh the evidence and decide the issue on the basis of its weight," but must only determine whether the record contains "any evidence tending to support the finding." *Adams*, 349 N.C. at 681, 509 S.E.2d at 414 (internal citation and quotation marks omitted). However, the Commission made no findings of fact or conclusions of law regarding waiver or estoppel here.

"While the Commission is not required to make findings as to each fact presented by the evidence, it must find those crucial and specific facts upon which the right to compensation depends." *Johnson v. Southern Tire Sales & Serv.*, 358 N.C. 701, 705, 599 S.E.2d 508, 511 (2004) (internal citations and quotations omitted). More specifically, the Commission must address the issue of estoppel. *Purser v. Heatherlin Properties*, 137 N.C. App. 332, 338, 527 S.E.2d 689, 693 (2000); *see also Bowen v. Cra-Mac Cable Services, Inc.*, 60

N.C. App. 241, 247, 298 S.E.2d 760, 763 (1983). Here, as in *Purser*, "the Industrial Commission failed to consider the application of the doctrine of estoppel to the factual scenario at hand." 137 N.C. at 338, 527 S.E.2d at 693. Accordingly, we remand this matter to the Industrial Commission for further proceedings and to make findings of fact and conclusions of law regarding all issues raised by the evidence upon which plaintiff's right to compensation depends.

In light of this conclusion, we decline to address plaintiff's other arguments.

Reversed and remanded.

Judge WYNN concurs.

Judge STEELMAN concurs in part and dissents in part in a separate opinion.

STEELMAN, Judge concurring in part and dissenting in part.

I concur with the majority opinion, remanding this matter to the Industrial Commission for further findings of fact and conclusions of law on the issue of estoppel. This issue was clearly before the Commission, is specifically mentioned in the Opinion and Award, and was extensively discussed in Commissioner Ballance's dissenting opinion. However, the Commission made no findings of fact or conclusions of law on this issue.

I dissent as to the majority opinion's refusal to discuss the remaining issues brought forward by plaintiff's appeal, and specifically to the remanding of this case to the Commission, allowing it to make findings and conclusions as to "all issues raised by the evidence upon which plaintiff's right to compensation depends."

The estoppel issue is entirely separate and distinct from the issue of whether plaintiff is entitled to receive compensation under the facts of this case. If the Commission erred in not awarding compensation, then this renders the estoppel question moot. If the Commission properly denied compensation, then this limits the scope of the Commission's review upon remand to the question of estoppel.

Plaintiff brings forward four arguments challenging the findings of fact and conclusions of law. "Appellate review of an order and

award of the Industrial Commission is limited to a determination of whether the findings of the Commission are supported by the evidence and whether the findings in turn support the legal conclusions of the Commission. This is so even though there is evidence which would support a finding to the contrary." *Simon v. Triangle Materials, Inc.*, 106 N.C. App. 39, 41, 415 S.E.2d 105, 106 (1992) (citation omitted).

The essential facts in this case are not in dispute. Plaintiff suffered a hernia on 16 September 1997 in the course and scope of his employment. On 19 September 1997, the hernia was surgically repaired, and plaintiff was released from the hospital the following day. On 21 September 1997, plaintiff was admitted to the hospital with pneumococcal pneumonia. Plaintiff was subsequently found to be totally and permanently disabled as a result of chronic obstructive pulmonary disease. The dispute in this case is over the conflicting opinions of medical experts on two points: (1) whether plaintiff contracted pneumococcal pneumonia while hospitalized for his hernia surgery; and (2) whether the pneumonia resulted in an exacerbation of his prior chronic pulmonary disease.

As to the first point, plaintiff's expert, Dr. Kunstling, based his opinion that the pneumonia was a "complication of the surgery' upon the temporal relationship between his hospitalization and contracting pneumonia, and the type of pneumonia. Defendant's expert, Dr. Pape, rendered an opinion that the pneumonia was unrelated to his hospitalization. This was based upon the temporal relationship between the hospitalization and the type of pneumonia. Dr. Pape testified that when a patient develops pneumonia within 5 days of hospitalization, it was more likely acquired in the community and not the hospital. Since plaintiff developed pneumonia within two days of his hospitalization, it was acquired in the community, prior to his hospitalization.

As to the second point, Dr. Kunstling gave an opinion that plaintiff experienced "an exacerbation of chronic obstructive pulmonary disease by a lower respiratory infection, which occurred subsequent to his surgical hernia repair." Dr. Pape testified that plaintiff's subsequent respiratory problems were not related to his hernia surgery. Defendant's other expert, Dr. Schwartz, testified that the respiratory and pulmonary problems that plaintiff experienced were unrelated to the hernia surgery. He further opined that plaintiff's current condition was not aggravated by the pneumonia.

**LEWIS v. BEACHVIEW EXXON SERV.**

[174 N.C. App. 179 (2005)]

The Commission made the following finding concerning the testimony of these experts:

21. Though he treated plaintiff prior in time to Dr. Pape and Dr. Schwartz, Dr. Kunstling is not in a better position than these doctors to determine whether plaintiff's hernia surgery is the cause of plaintiff's subsequent pulmonary and respiratory conditions. Dr. Kunstling bases his causation opinion on incorrect facts and on a temporal relation between the hernia surgery and the respiratory problems plaintiff has developed. Dr. Kunstling's opinion is given less weight than that of Dr. Pape and Dr. Schwartz, who both opine that plaintiff's current pulmonary conditions are a result of a combination of his 20-plus year smoking history, his asthma and the community-based pneumonia he acquired prior to his hernia surgery.

The credibility of witnesses and the weight to be given to a witness' testimony are matters for the Industrial Commission to decide. *Russell v. Lowes Prod. Distr.*, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993). I would hold that there is evidence before the Commission to support each of the challenged findings of fact. It is irrelevant whether there is evidence that would support contrary findings. *Simon*, 106 N.C. App. at 41, 415 S.E.2d at 106. The opinions of each of the experts were proper and admissible. When faced with conflicting expert opinions, it is for the Commission to resolve these conflicts. *Wagoner v. Douglas Battery Mfg. Co.*, 80 N.C. App. 163, 164, 341 S.E.2d 120, 121 (1986) (citation omitted). The Commission's findings support its conclusions that the plaintiff's disability was not the result of his hernia surgery.

I would affirm the Commission's decision that plaintiff's pulmonary condition was not the result of his hernia surgery and is not compensable, and that the hernia surgery did not materially aggravate or exacerbate his pre-existing pulmonary condition.