CLARENCE CRAWFORD, EMPLOYEE v. CENTRAL BONDED WAREHOUSE, DIVISION OF BAYSIDE WAREHOUSE COMPANY, EMPLOYER AND PHOENIX ASSURANCE OF NEW YORK, CARRIER.

(Filed 3 March, 1965.)

**·1. Master and Servant § 93—**

Findings of fact of the Industrial Commission, when supported by competent evidence, are conclusive on appeal even though there may be evidence *contra.*

**2. Master and Servant § 54—**

Compensation may not be awarded for an injury resulting solely from an idiopathic condition of the employee.

APPEAL by plaintiff from *Froneberger, J.,* October 12, 1964, Non-jury Session of GASTON.

Pursuant to the provisions of the Workmen's Compensation Act, plaintiff filed with the Industrial Commission a claim for compensation because of injuries suffered by him while performing his duties as employee of defendant, Central Bonded Warehouse.

Deputy Commissioner Smith heard evidence and found these facts. On 28 February 1963 plaintiff was trucking cotton with a hand truck from a freight car to a warehouse; he had worked about 7 hours that day. About 4:30 P.M. he "was taken with a seizure while trucking a cotton bale, fell on the concrete floor and as a result thereof fractured and dislocated his left shoulder." He had been doing this kind of work for 28 years. He had a history of grand mal seizures.

The Deputy Commissioner concluded that plaintiff sustained an injury by accident arising out of and in the course of his employment, and awarded compensation.

The Full Commission, upon review, found these additional facts. The accident was a result of the blackout or seizure suffered by plaintiff and was not a result of plaintiff's employment. His employment did not place him in a place of danger and the employment did not contribute to the injuries sustained by plaintiff.

The Full Commission concluded that plaintiff's injury by accident did not arise out of his employment, but arose as a result of an idiopathic condition suffered by him. Plaintiff's claim for compensation was denied. On appeal, the Superior Court affirmed the decision of the Full Commission.

*O. A. Warren and Whitener & Mitchem for plaintiff.*
*Grier, Parker, Poe & Thompson and Gaston H. Gage for defendants.*

PER CURIAM. The facts found by the Commission are supported by competent evidence. G.S. 97-86. These findings of fact are conclusive on appeal even though there may be evidence *contra. Taylor v. Twin City Club,* 260 N.C. 435, 132 S.E. 2d 865. The findings of fact support the conclusions and the Opinion and Award of the Full Commission. Where an idiopathic condition of a workman is the sole cause of the injury, compensation may not be awarded. *Cole v. Guilford County,* 259 N.C. 724, 131 S.E. 2d 308.

Affirmed.