CHARLENE HOLLAR, Employee, Plaintiff v. MONTCLAIR FURNITURE COMPANY, INC. Employer; THE TRAVELERS INSURANCE COMPANY, Carrier; Defendants

No. 8010IC113

(Filed 2 September 1980)

Master and Servant §§ 55.3, 56– workers' compensation – fall from fainting – accident – whether injury arose out of employment

Plaintiff furniture worker was injured by accident when she fainted and fell on her employer's premises in the course of her work. However, the cause must be remanded to the Industrial Commission for a determination as to whether plaintiff's injury arose out of her employment where the Commission failed to make sufficient findings of fact on the question of whether plaintiff's fainting was caused solely by an idiopathic condition or by the conditions of her employment.

APPEAL by plaintiff from the North Carolina Industrial Commission. Opinion and award entered 19 October 1979. Heard in the Court of Appeals 6 June 1980.

On 26 July 1977 plaintiff was injured when she fainted on the employer's premises in the course of her work. After a hearing on her claim for worker's compensation benefits, Deputy Commissioner Denson made certain findings and concluded that plaintiff's injuries were compensable under G.S. 97-2(6) as having resulted from an accident arising out of and in the course of her employment. Without altering the Deputy Commissioner's findings of fact the full Commission reversed her conclusion and held plaintiff's injuries were not compensable. From the order of the full Commission, plaintiff appeals.

*Gaither & Wood, by Allen W. Wood III, for plaintiff.*

*Gene Collinson Smith for defendant.*

WELLS, Judge.

The sole question brought forward by plaintiff in this case is whether the full Industrial Commission erred in concluding that plaintiff did not sustain an injury by accident arising out of and in the course of her employment under G.S. 97-2(6).

In an appeal from an award of the Industrial Commission, the scope of our review is limited. If the findings of fact are supported by competent evidence and are determinative of the question at issue in the case, we must accept such findings as final and then determine whether they justify the legal conclusions of the Commission. *Perry v. Furniture Co.*, 296 N.C. 88, 249 S.E. 2d 397 (1978); *King v. Forsyth County*, 45 N.C. App. 467, 263 S.E. 2d 283, *disc. rev. denied, 300* N.C. *374, 267* S.E. 2d *676* (1980). In the case at bar Deputy Commissioner Denson made the following pertinent findings which the full Commission adopted without addition or modification:

1. In July, 1977, plaintiff had worked for defendant-employer in the spring-up department for several years.***

2. Prior to that time, plaintiff had not been subject to fainting or black-out spells. On July 26, 1977, plaintiff's work environment was extremely hot and ventilation was poor. Plaintiff and a fellow employee, Jerry Self, had just finished putting two large rolls on rollers; as plaintiff was walking around a table she suddenly, for an unexplained reason, felt as if she were passing out and called to Jerry to catch her. He did so, but plaintiff's back struck the floor and she passed out.

\* \* \*

For an injury to be compensable under the Worker's Compensation Act, the claimant must prove three elements: (1) that the injury was caused by an accident; (2) that the injury was sustained in the course of the employment; and (3) that the injury arose out of the employment. *Gallimore v. Marilyn's Shoes*, 292 N.C. 399, 233 S.E. 2d 529 (1977); *Loflin v. Loflin*, 13 N.C. App. 574, 186 S.E. 2d 660, *cert. denied*, 281 N.C. 154, 187 S.E. 2d 585 (1972). In the case now before us, there is no dispute as to whether plaintiff's injury was sustained in the course of her employment. We therefore move on to the next question: Was there an accident? The answer must be in the affirmative. In *Taylor v. Twin City Club*, 260 N.C. 435, 132 S.E. 2d 865 (1963), the claimant received a head injury when he fell at work. Justice Moore, speaking for our Supreme Court, said:

The deceased employee was injured by accident. To prove an accident in industrial injury cases it is not essential that there be evidence of any unusual or untoward condition or occurrence causing a fall which produces injury. The fall itself is the unusual, unforeseen occurrence which is the accident. *Robbins v. Hosiery Mills,* 220 N.C. 246, 17 S.E. 2d 20. A fall is usually regarded as an accident. *Cole v. Guilford County,* 259 N.C. 724, 727, 131 S.E. 2d 308.

260 N.C. at 437, 132 S.E. 2d at 867.

Two of the three necessary elements of a valid claim having been established, we now consider the third: Did this accidental injury arise out of plaintiff's employment? To narrow our inquiry, we first note that, despite comments to the contrary found in Commissioner Denson's order, plaintiff's fall does not come within the "unexplained" category of falls, and we therefore do not consider previous cases, or authorities, dealing with "unexplained" falls as being precisely in point or controlling here. *See, e.g., Taylor v. Twin City Club, supra.*

In the case before us, it is clear that plaintiff fell because she fainted. The question then narrows to why plaintiff fainted. From the evidence before the Commission, it is not possible to reach a determination as to whether plaintiff fainted from an idiopathic cause or condition, naturally occurring circumstances not related to any condition of her employment, or conditions or circumstances related to her employment. Commissioner Denson's findings of fact are not determinative of this issue, and since the full Commission did not add to or vary those findings of fact, its order suffers from the same deficiency.

Although in many cases falls from idiopathic causes or conditions have been held to be compensable, *see,* 1 Larson's Workmen's Compensation Law §§ 12.10-12.14 (1978), the findings of fact in this case do not justify a conclusion that plaintiff's fall resulted from any preexisting condition of her health. The Commission's finding that prior to the fall suffered by plaintiff she had not been subject to fainting or "black-out spells" does not permit any inference as to the cause of her fainting on this occasion. Nor does plaintiff's testimony that she had not previously fainted for thirty-four years permit any

such inference. Similarly, the Commission's finding that plaintiff was working in a very hot, poorly ventilated building does not lead to an inference that these work-related conditions contributed to her fainting.

The majority of the full Commission found *Buchanan v. Highway Commission,* 217 N.C. 173, 7 S.E. 2d 382 (1940) controlling on the issue concerning whether plaintiff's injury arose out of her employment. In *Buchanan,* the claimant was employed by the State Highway Commission. His duties required him to lift a scoop filled with dirt. On the day in question, while he was lifting the scoop in the ordinary manner without anything unusual happening, the employee became sick and blind and was unable to work. In denying compensation, the Court did not discuss the medical evidence in the case. The case, however, did not involve a fall. Nor did the Court recite that there was any evidence or other indication that an accident *per se* was involved.

In the case before us Commissioner Vance dissented from the opinion of the full Commission, based on *Taylor v. Twin City Club, supra,* and *Robbins v. Hosiery Mills,* 220 N.C. 246, 17 S.E. 2d 20 (1941). In *Robbins,* which did involve a fall, the Court sustained an award of compensation, holding:

> When claimant was injured she was engaged in performing one of the duties of her employment. When she reached up to the rack, for some undisclosed reason she lost her balance and fell. There is no evidence tending to show that the fall was caused by a hazard to which the workman would have been exposed apart from the employment or from a hazard common to others. It had its origin in a risk connected with the employment. Hence, we are unable to say that the Commission was not justified in concluding that it was connected with and flowed from the employment as a rational consequence.

220 N.C. at 247, 17 S.E. 2d at 21. Thus, it is clear that in *Robbins* there was evidence from which the Commission could have inferred that the cause of plaintiff's fall was work-related. There is no such evidence in the record before us.

*Taylor* also involved a fall, albeit an unexplained one. The deceased workman was found on his employer's premises unconscious and bleeding from a severe head wound. There was medical evidence that the workman's cause of death was bleeding from his scalp wound. The Hearing Commissioner found as a fact that the "deceased died as a direct result of the injury by accident ... ." The full Commission upheld the award of compensation. On appeal to our Supreme Court, defendants argued that because there was also medical evidence that the deceased suffered from angina and that his disease caused his death, the cause of the fall was idiopathic. The Court, regarding the Commission's finding of "injury by accident" as binding, affirmed the award. There was no showing in *Taylor* of any unusual risk or hazard associated with the workman's work or work environment.

In comments contained in her order, Deputy Commissioner Denson cites *Rewis v. Insurance Co.*, 226 N.C. 325, 38 S.E. 2d 97 (1946); *DeVine v. Steel Co.*, 227 N.C. 684, 44 S.E. 2d 77 (1947); and *Taylor* in support of her conclusion that plaintiff's injury was compensable. In *Rewis*, plaintiff fell to his death from the twelfth floor of a building. The evidence was that plaintiff suffered from idiopathic ulcerative colitis, and that after entering the men's washroom on the twelfth floor, he felt faint, went to an open window for air, slipped on the slick floor and fell through the window to his death. The heart of the Court's opinion may be found in the following portion of the opinion:

> The deceased was in the course of his employment. He was at a place where his work carried him. He had become faint from a preexisting idiopathic condition. He fell to his death by reason of an accident in slipping on the slick tile. At the time of the fall he was endeavoring to get himself into condition so as to be able to continue his employment. Such an act is regarded as an incident of the employment. Hence, there was a causal connection between the employment and the injury.

226 N.C. at 328, 38 S.E. 2d at 99. Thus, while fainting was incidentally involved in *Rewis*, plaintiff's syncopic condition was not directly controlling. The fact that the immediate cause

of the plaintiff's fall was his slipping on the slick floor seems to be the keystone.

In *DeVine*, the deceased, who was known to suffer from mild epileptic seizures, was fatally injured when he fell and struck his head on the cement platform on which he was standing. The Commission's order contained a statement that, "The Commission is of the opinion that . . . the fall caused the death of plaintiff's deceased and that he was subject to a peculiar hazard on account of being required to stand on the cement platform and lower the flag." The Court, in a very brief opinion, built upon the Commission's findings and conclusions and affirmed. *DeVine* must be distinguished because in that case, the Commission found a "peculiar hazard" aspect of the employee's employment. That element is missing from the case *sub judice*.

In the case before us defendants argue that plaintiff's fall was due to an idiopathic condition and was therefore not compensable, citing *Cole v. Guilford County*, 259 N.C. 724, 131 S.E. 2d 308 (1963) and *Crawford v. Warehouse*, 263 N.C. 826, 140 S.E. 2d 548 (1965). In *Cole*, the decedent fell on the courthouse steps when her leg gave way, causing her to break her hip. The Commission awarded compensation. In reversing the Commission's award, the Court held that decedent's fall "was idiopathic — that is, one due to the mental or physical condition of the particular employee." 259 N.C. at 728, 131 S.E. 2d at 311. In *Cole*, there was no showing of special hazard, or any other condition of the physical environment which might have contributed to the fall, and therefore *Cole* must be distinguished from the case at bar.

However, Justice (later Chief Justice) Sharp, writing for the Court in *Cole*, quoted with approval from *Vause v. Equipment Co.*, 233 N.C. 88, 63 S.E. 2d 173 (1951):

"(T)he better considered decisions adhere to the rule that where the accident and resultant injury arise out of both the idiopathic condition of the workman and hazards incident to the employment, the employer is liable. *But not so*

*where the idiopathic condition is the sole cause of the injury.*" [Court's emphasis.]

259 N.C. at 728, 131 S.E. 2d at 311. Justice Sharp went on to say:

The opinion in *Vause* referred to 5 Schneider's Workmen's Compensation Text (Permanent Ed.), § 1376, where the author states: "(T)he question that usually determines whether the injury is compensable is, did the employee's working conditions contribute to the fall and consequent injury or was the accident solely due to the employee's idiopathic condition which might have caused him to fall in his home with the same injurious results? If it is the latter the employer is not liable, if the former he is liable."

259 N.C. at 728, 131 S.E. 2d at 312.

In *Cole*, Justice Sharp stated that claimants' falls in *Rewis v. Insurance Co., supra,* and *Allred v. Allred-Gardner, Inc.,* 253 N.C. 554, 117 S.E. 2d 476 (1960), were in the class of injuries arising out of both the idiopathic condition of the workman and hazards incident to the employment, and, under these circumstances, the employer is held liable.

In *Crawford*, the plaintiff suffered from grand mal seizures and fell to the floor while pushing a hand truck, injuring himself. The Commission denied compensation. The Court, citing *Cole*, affirmed, holding that where an idiopathic condition of a workman is the sole cause of an injury, compensation may not be awarded. In *Crawford*, there was no evidence of special hazard or that plaintiff's work environment in any way contributed to his fall, and this case must therefore be distinguished from the case now before us.

Plaintiff cites *Robbins, Taylor,* and *Fields v. Plumbing Co.,* 224 N.C. 841, 32 S.E. 2d 623 (1945) in support of her argument that plaintiff's injuries were compensable. In *Fields*, the deceased workman was working in an enclosed area, using hot lead to caulk joints in a pipe. On the day in question the outside temperature reached 104° F. The Industrial Commission found

that the deceased workman was subjected to a greater heat hazard than the public generally, that the deceased suffered a heat stroke and died from it, and that his death resulted from injury by accident which arose out of and in the course of his employment. The Supreme Court affirmed. The nub of the Court's opinion may be found in the following excerpt:

> The question, then, on the present record is whether plaintiff's intestate's death may reasonably be attributed to the increased temperature occasioned by the manner and method employed in doing the work, or should it be ascribed to natural causes. Either inference seems permissible. Hence, the determination of the Industrial Commission that the additional hazard created by the artificial heat was the direct and superinducing cause of plaintiff's intestate's death is conclusive on appeal. [Citations omitted.]

224 N.C. at 843, 32 S.E. 2d at 624.

We do not believe, however, that the work environment alone is conclusive on the question of causation. Physical exertion may in and of itself be the precipitating cause of an injury by accident within the meaning of G.S. 97-2(6). *King v. Forsyth County,* 45 N.C. App. 467, 263 S.E. 2d 283; *disc. rev. denied,* 300 N.C. 374, 267 S.E. 2d 676 (1980). The circumstances and conditions of the work environment must, therefore, be considered together with the element of exertion required of the employee in performing the employment.

Out of the cases we have reviewed, there seems to emerge a clear line of distinction: (1) Where the injury is clearly attributable to an idiopathic condition of the employee, with no other factors intervening or operating to cause or contribute to the injury, no award should be made; (2) Where the injury is associated with any risk attributable to the employment, compensation should be allowed, even though the employee may have suffered from an idiopathic condition which precipitated or contributed to the injury.

The issue in this case is whether plaintiff's fainting was caused in any part by the conditions or circumstances of her employment. While the findings of fact made by Deputy Commissioner Denson would not dispel the possibility that plaintiff's work environment and exertion, which were risks of her employment, caused her to faint, from the complete absence of medical evidence in the record no inference is permissible as to whether plaintiff's fainting was caused by an idiopathic condition or from the conditions of her employment. The full Commission did not disturb the findings of the Deputy Commissioner. We recognize that the plenary powers of the Commission are such that upon review, it may adopt, modify, or reject the findings of fact of the Hearing Commissioner, and in doing so may weigh the evidence and make its own determination as to the weight and credibility of the evidence. *Watkins v. City of Wilmington*, 290 N.C. 276, 225 S.E. 2d 577 (1976); *Brewer v. Trucking Co.*, 256 N.C. 175, 123 S.E. 2d 608 (1962). However, the Commission's order in the case before us does not, in fact, contain sufficient findings of fact on the issue of the cause of plaintiff's fainting, and it is therefore not determinative of the issues in this case. *See, Brewer v. Trucking Co., supra.*

The case must be remanded to the Industrial Commission for further proceedings consistent with this opinion.

Reversed and remanded.

Judges WEBB and MARTIN (Harry C.) concur.