McGraw v. Fieldcrest Mills, Inc.

———————

CLARENCE E. McGRAW, EMPLOYEE PLAINTIFF v. FIELDCREST MILLS, INC., EMPLOYER, SELF-INSURED, DEFENDANT

No. 8610IC640

(Filed 3 February 1987)

**Master and Servant § 59— workers' compensation—horseplay—injury arising out of employment**

There was ample evidence to support the Industrial Commission's finding of fact that plaintiff sustained his injury by accident arising out of and in the course of his employment as a result of horseplay where a co-worker was sitting on a box, plaintiff said he was going to push a jack under the box and turn the co-worker over, and the co-worker grabbed the front of plaintiff's belt and jerked him, resulting in an injury to plaintiff's back.

APPEAL by defendant from the North Carolina Industrial Commission Opinion and Award filed 27 February 1986. Heard in the Court of Appeals 9 December 1986.

**McGraw v. Fieldcrest Mills, Inc.**

Plaintiff sought compensation benefits for injuries sustained as a proximate result of an assault and battery by a co-employee. The incident arose on 17 April 1984 when the co-worker, Johnny Trexler, was sitting on a box of cloth in the dyeing department of Fieldcrest Mills, Inc. Plaintiff walked by Trexler and told him that he was going to push the jack under the box and turn Trexler over onto the floor. Trexler got up and grabbed the front of plaintiff's belt and jerked him. This caused an injury to plaintiff's back which eventually resulted in plaintiff having a disc removed from his back by surgery.

On 21 October 1985, Deputy Commissioner John Charles Rush entered an Opinion and Award finding that plaintiff sustained an injury by accident in the course of his employment, but that the injury did not arise out of plaintiff's employment. Deputy Commissioner Rush denied plaintiff benefits under the Workers' Compensation Act.

Upon appeal, the Full Commission entered an Opinion and Award which adopted most of the Deputy Commissioner's findings of fact. The Full Commission found, however, that plaintiff's injury did arise out of and in the course of plaintiff's employment as a result of horseplay. The Opinion and Award stated that plaintiff was entitled to benefits and the case was remanded back to Deputy Commissioner Rush for a determination of benefits due. From the Opinion and Award of the Industrial Commission, defendant appeals to this Court.

*Cruse and Spence, by Thomas K. Spence, for plaintiff appellee.*

*Smith, Helms, Mulliss & Moore, by Jeri L. Whitfield and Lynn G. Gullick, for defendant appellant.*

ARNOLD, Judge.

Defendant appellant contends that the Industrial Commission erred in holding that plaintiff's injury was an accident arising out of and in the course of plaintiff's employment. We disagree.

The plenary powers of the Industrial Commission are such that upon review, it may adopt, modify or reject the findings of fact of the Hearing Commissioner. In doing so, it may weigh the evidence and make its own determination as to the weight and

credibility of the evidence. *Hollar v. Furniture Co.*, 48 N.C. App. 489, 269 S.E. 2d 667 (1980). There was ample evidence to support the Full Commission's finding of fact that plaintiff sustained his injury by accident arising out of and in the course of his employment as a result of horseplay.

In *Bare v. Wayne Poultry Co.*, 70 N.C. App. 88, 318 S.E. 2d 534 (1984), this Court held that horseplay which resulted in an employee being cut by a chicken deboning knife did, in fact, arise out of the course of her employment. The case stated that "the workers' compensation system is based upon the realities of human conduct, and that workers occasionally relieving the tedium of their labors by sportive and foolish acts is a routine and accepted incident of employing them." *Id.* at 94, 318 S.E. 2d at 539. The Court in *Bare* also stated that plaintiff's participation in the horseplay was irrelevant. *Id.* at 91-92, 318 S.E. 2d at 537-538. *Bare* is controlling on the case *sub judice*. The Industrial Commission did not err in holding that plaintiff's injury arose out of his employment.

Affirmed.

Judges PHILLIPS and ORR concur.