The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner with some modifications.
Plaintiff, at oral argument before the Full Commission, handed up a packet of documents. It was noted that the undersigned took such a submission as a motion to submit additional evidence. Although the packet contained several letters from Dr. Nick E. Grivas and records from Mercy Hospital, only one letter, that of November 22, 1995, from Dr. Nick E. Grivas, is not already a part of the official record. In the discretion of the undersigned, over the objection of defendant, this letter is HEREBY ALLOWED into the record for review at this time.
The undersigned have determined that sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. At the time of the alleged injury by accident, parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer at all relevant times.
3. Defendant-employer is self-insured, with Hewitt Coleman Associates as adjusters.
4. The date of the alleged injury was October 8, 1993.
5. In addition, the parties stipulated into evidence the following medical records:
a. Cabarrus Memorial Hospital (5 pp.)
b. Hall Clinic (7 pp.)
c. Records of Dr. Wassil (1 page) and of Dr. Nick E. Grivas (5 pp.)
d. Mercy Hospital records (11 pp.)
The issues before the Commission at the date of this hearing are:
1. Whether or not plaintiff in fact suffered an injury by accident arising out of and in the course of his employment with defendant-employer.
2. Whether or not plaintiff's present condition is related to his employment.
3. To what benefits, if any, plaintiff is entitled.
* * * * * * * * * * *
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, with minor technical modifications and with some modification to Findings of Fact Numbers 2, 12, and 13, as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. Plaintiff is a forty-three year old male. At the time of his alleged injury, plaintiff had been working on and off at I.H. Services, Inc. since 1989. I.H. is an independent company that provides cleaning services to other businesses. Plaintiff was employed at Fieldcrest Plant #1 in Kannapolis, North Carolina, a job site of defendant-employer.
2. On October 8, 1993, while moving a trash cart weighing over 150 pounds, plaintiff stated that the cart overturned and knocked him into a door frame on which he hit his left side. No written report on the incident exists. This account is not accepted as credible or convincing.
3. According to plaintiff, a painter at Fieldcrest Cannon viewed the accident. Plaintiff was upset that this witness was not present at the hearing but had not made any effort to contact the alleged witness.
4. Plaintiff's direct supervisor was Gary Roberts, a former employee of I.H. Services. Roberts reported to Donnie G. Mallicoat, who was a witness at the hearing. Mr. Mallicoat was not aware of any claim of injury made by plaintiff on the date of the alleged incident.
5. Plaintiff visited Cabarrus Memorial Hospital on October 12, 1993 and was seen by Dr. Kenneth Welch. The nurse's history, also taken on October 12, 1993, indicates that plaintiff complained of left arm pain which he had had for several months and also indicated several prior accidents, including one in the late 1980's. The medical history also reveals that plaintiff had fallen over a table, re-injuring his hand and forearm three months prior to the incident plaintiff alleged of October 12, 1993. The record includes the statement that plaintiff denied any knowledge of a recent injury.
6. Plaintiff returned to Cabarrus Memorial Hospital on October 28, 1993, again complaining of left arm pain. Once again there was no complaint of recent injury.
7. On October 12, 1993, plaintiff was terminated from his employment with I.H. Services. He was terminated due to unauthorized absences and failure to carry out the instructions of his direct supervisor. Company records documenting plaintiff's absences and refusal to follow orders were identified by Mr. Mallicoat at the initial hearing.
8. Plaintiff next consulted Dr. Dennis L. Hall at the Hall Clinic in Concord. Dr. Hall examined the plaintiff for pain in his neck, left arm and hand. Dr. Hall found paraesthesia in the C6-C7 dermatome area with severe weakness of the triceps on the left side. X-rays conducted on November 8, 1993, revealed degenerative disc changes at C5-C6 with marginal spondylosis. Dr. Hall's diagnosed plaintiff as suffering from cervical brachial neuralgia as a result of degenerative disc changes in the cervical spine.
9. In a letter written on January 7, 1994, Dr. Hall states that the plaintiff informed him on December 7, 1993, that his left arm and hand and neck pain evolved from a work related accident which occurred while he was employed at I.H. Services. This was the first mention of any connection between an accident at I.H. Services and a cervical problem.
10. Plaintiff later consulted Dr. Nick E. Grivas, who recommended surgery. Dr. Grivas performed an anterior cervical fusion at C5-C6 on the plaintiff, March 21, 1994.
11. Mr. Mike Semones, Personnel Director for the City of Concord, was a witness at the initial hearing and produced Concord City records. Those documents reference a previous claim for workers' compensation by plaintiff for a neck injury while employed by the City of Concord. Plaintiff worked for the City of Concord as a grounds keeper and cemetery custodian from 1978 until 1983. A Form 25 was filed with the Industrial Commission in 1982. The City of Concord paid for two visits to Dr. Truell, a chiropractor, for spasms of plaintiff's cervical spine.
12. Plaintiff did not sufficiently or credibly meet his burden of proof as to an October 12, 1993 neck injury at I.H. Services. The undersigned give greater weight to the contrary testimonial and documentary evidence produced by Mr. Semones that the cervical portion (C5-C6) of plaintiff's neck was injured in 1982 while he was working for the City of Concord and that an injury did not occur at work on the day in question, that being October 8, 1993.
13. Plaintiff has failed to sufficiently meet his burden of proof with regard to competent medical testimony concerning the nature of his injury and its cause. The medical records, including the November 22, 1995 letter by Dr. Nick E. Grivas, are necessarily based upon the history plaintiff reported to the doctor, which is not accepted as credible or convincing to the undersigned.
14. The neck injury for which plaintiff eventually underwent surgery in 1994 was not proximately caused by any alleged injury by accident arising out of and in the course of plaintiff's employment or a specific traumatic incident of the work assigned at I.H. Services on October 8, 1993.
* * * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSIONS OF LAW
1. On October 8, 1993, plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer. Hollar v. Montclaire Furniture Company,48 N.C. App. 489, 269 S.E.2d 667 (1980); N.C. Gen. Stat. § 97-2 (6),Anderson v. Northwestern Motor Company, 233 N.C. 372 (1951).
* * * * * * * * * * *
Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
ORDER
1. This claim is hereby DENIED.
2. Each side shall pay its own costs.
This case is ORDERED REMOVED from the Full Commission docket.
This the __________ day of ________________________, 1996.
 S/ ____________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ____________________ J. RANDOLPH WARD COMMISSIONER
S/ ____________________ LAURA K. MAVRETIC COMMISSIONER
JHB/nwm 02/05/96