The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Nance. The appealing parties have not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except with the addition of an assessment of attorney fees for the original hearing pursuant to N.C. Gen. Stat. § 97-88.1 and for the Full Commission appeal pursuant to N.C. Gen. Stat. § 97-88 and other minor technical modifications.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at and after the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the Workers' Compensation Act, defendant regularly employing three or more employees.
2. The plaintiff is considered an employee of the defendant by reason of application of the statutory provisions of § 97-19.
3. The date of alleged injury was 1 July 1994.
4. Defendant is a qualified self-insurer.
5. Following the hearing the parties submitted stipulated medical records and the deposition of Dr. Schmidt both of which are received into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff is 34 years old, has a ninth grade education, and has worked as a roofer all his adult life.
2. In 1994 plaintiff worked as an independent contractor performing roofing work for defendant Southern Gables. Due to defendant's failure to obtain from the plaintiff a certificate of workers' compensation coverage, plaintiff is an employee for purposes of this case. During the 52 weeks preceding 1 July 1994, plaintiff also worked for several other roofing companies and earned a total of $23,669.14. Plaintiff's average weekly wage is $455.18.
3. Plaintiff has a long history of chronic alcohol abuse. It is not unusual for him to drink a 12 pack of beer a day. He frequently goes on binges where for a period of a week or two he only drinks alcohol and does not eat any food.
4. Plaintiff also has a long history of seizures, some but not all of which are associated with alcohol withdrawal. Plaintiff had been prescribed Dilantin for treatment of his seizure disorder, but had quit taking the medication two years prior to 1 July 1994.
5. On 1 July 1994 plaintiff was working on a roof for defendant. The temperature was around 90 degrees, and it was even hotter on the roof. As plaintiff was walking up the roof to its crest with an armful of materials, he began to feel dizzy and then fell off the roof 18 to 20 feet to the ground, sustaining devastating injuries including a T3-4 fracture dislocation with T4 paraplegia.
6. Plaintiff was not intoxicated at the time of his injury. He had not had any alcohol to drink since June 25 or June 26, when he concluded a nine day drinking binge.
7. Plaintiff suffers from an idiopathic seizure disorder accentuated by alcohol and poor compliance with medication. However, there is insufficient evidence of record to find by its greater weight that plaintiff's fall from the roof on 1 July 1994 was caused by an alcohol withdrawal seizure, or any other kind of seizure for that matter.
8. Assuming, arguendo, that plaintiff's fall was caused by a seizure, his employment entailed a peculiar risk, working on a roof, which would have augmented the results of the idiopathic incident.
9. On 1 July 1994, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant.
10. As a result of the injury of 1 July 1994, plaintiff has been since the injury unable to earn any wages in the same or any other employment.
11. When plaintiff was discharged to return home in September 1994, he was noted to be independent in ambulation, mobility, transfer, self-care, and activities of daily living. While his wife, who has never worked outside the home, sometimes changes his diapers, puts in his catheter, and performs digital rectal stimulation because plaintiff cannot afford suppositories, plaintiff does not at the present time require nursing services at home.
12. This case is one of first impression in North Carolina, in that defendant's defense in this case deals with intoxication that is not contemporaneous with the employee's injury by accident, more specifically alcohol withdrawal seizures allegedly resulting in plaintiff's injury by accident. The first impression nature of this case results from the fact that past cases of precedential value have dealt only with fact scenarios under which the intoxication and the injury were contemporaneous. Defendant's defense of this claim is not persuasive or reasonable considering past case law, that the employee had a zero blood alcohol level at the time of the accident, and that there is no other evidence of plaintiff's intoxication contemporaneous with his injury by accident. Therefore, defendant's defense of intoxication pursuant to N.C. Gen. Stat. § 97-12 as it has been interpreted to date by the courts is grounded in unfounded litigiousness pursuant to N.C. Gen. Stat. § 97-88.1.
13. This appeal was brought before the Full Commission by defendant on the issue of the application of the affirmative defense pursuant to N.C. Gen. Stat. § 97-12 and by the plaintiff on the issues of assessment of attorney's fees against the defendants and payment for attendant care. The Industrial Commission hereinafter orders payment of benefits to the plaintiff.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 1 July 1994 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant when he fell off a roof and suffered paraplegia. Plaintiff's claim for compensation is not barred by the provisions of N.C. Gen. Stat. § 97-12 because his injury was not proximately caused by his intoxication at the time of the injury. Moreover, when a lifelong roofer with a chronic alcohol problem climbs on a roof to work when he is sober, a willful intent to injure himself is not established as defendant argues. The employer takes the employee as it finds him, including his alcoholism and alcohol withdrawal seizures. N.C. Gen. Stat. § 97-2(6) and § 97-12.
2. While the medical evidence in this case does not support a finding that plaintiff's fall from the roof was caused by a seizure, assuming, arguendo, that the injury was precipitated by plaintiff's idiopathic condition, it is well-settled that when the injury is associated with any risk peculiar to the employment, it is nevertheless compensable. Hollar v. Furniture Co., 48 N.C. App. 489, (1980).
3. As a result of the injury of 1 July 1994, plaintiff is and has been since the date of injury totally disabled, and is therefore entitled to benefits pursuant to N.C. Gen. Stat. §97-29.
4. At the close of the evidence before the Deputy Commissioner, plaintiff was independent in ambulation, mobility, transfer, self-care and activities of daily living. He does not require attendant care, and therefore plaintiff's wife's claim for nursing services is hereby denied. N.C. Gen. Stat. § 97-25.
5. Plaintiff is entitled to payment of all medical expenses incurred, or to be incurred, by plaintiff as a result of his injury on 1 July 1994 for so long as such examinations, evaluations and treatments tend to effect a cure, give relief, or will tend to lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-25.
6. Plaintiff's claim for the whole cost of the proceeding at the Deputy Commissioner level, including attorney fees, pursuant to N.C. Gen. Stat. § 97-88.1 is allowed because defendant's position is not persuasive or reasonable. While this is a case of first impression in North Carolina, there is very little evidence of record and no past case law to support defendant's defense of intoxication which is not contemporaneous with the injury by accident. Therefore, defendant's defense of this claim is grounded in unfounded litigiousness. N.C. Gen. Stat. § 97-88.1.
7. In view of the fact of defendant's appeal and the Full Commission ordering of benefits and medical compensation to the injured employee, the Commission in its discretion assesses an attorney fee for plaintiff's attorney against defendant in the amount of $500.00 as a part of the bill of costs. N.C. Gen. Stat. § 97-88.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Defendant shall pay plaintiff compensation at the rate of $303.61 per week commencing 1 July 1994 and continuing until further Order of the Industrial Commission. All of that compensation which has accrued shall be paid to plaintiff in a lump sum, which shall not be subject to an attorney fee. Thereafter, defendant shall pay plaintiff weekly benefits which are likewise not subject to an attorney's fee.
2. Defendant shall pay all reasonable medical expenses incurred by plaintiff for treatment of the 1 July 1994 injury.
3. Plaintiff's attorney is entitled to the whole cost of the original hearing including a reasonable fee pursuant to N.C. Gen. Stat. § 97-88.1 in lieu of the attorney's fee of 25 percent of the compensation awarded herein.
4. In addition an attorney's fee for plaintiff's counsel pursuant to N.C. Gen. Stat. § 97-88.1, an attorney's fee at the Full Commission level is assessed pursuant to N.C. Gen. Stat. §97-88 against defendant in the amount of $500.00 and is hereby awarded to plaintiff's attorney.
5. Defendant shall pay the costs due this Commission.
ORDER
Pursuant to N.C. Gen. Stat. § 97-88.1, defendants are hereby Ordered to pay to plaintiff's attorney a reasonable attorney's fee in an amount equivalent to 25 percent of the lump sum of the compensation which has accrued. Thereafter, defendants shall pay to plaintiff's attorney a reasonable attorney's fee in an amount equivalent to every fourth compensation check paid to plaintiff. Plaintiff's workers' compensation benefits due under this Award shall not be diminished in any way by the attorney's fee awarded herein and assessed against the defendants.
 S/ ________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ________________________ THOMAS J. BOLCH COMMISSIONER
S/ ________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER