Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission adopts with minor modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in their Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. Employee is Deborah M. Woods.
2. Employer is Carolina Women's Center.
3. The carrier on the risk at the time of the alleged injury by accident was Hartford Insurance Company.
4. Employer regularly employs three or more employees and is bound by the North Carolina Worker's Compensation Act.
5. The employer-employee relationship existed between defendant-employer and plaintiff on 7 May 2000, the alleged date of plaintiff's injury. Should plaintiff prove that said claim is compensable, the parties will stipulate that the rate of compensation will be $588.00, the maximum rate for 2000.
6. Plaintiff's claim is for a right ankle and right knee injury arising out of an accident in the scope and course of her employment. Defendants have denied compensability.
7. The parties agree to the admission of all official Industrial Commission forms and documents that are currently on file with the Commission.
8. The parties stipulated the following documents into the records:
 1. NCIC Form 18, dated 3 August 2000 for date of loss of 7 May 2000;
 2. NCIC Form 61, dated 18 October 2000 for date of loss of 7 May 2000;
 3. Southeastern Regional Medical Center, emergency room admission notes of 8 May 2000;
 4. Scotland Orthopedics, John A. Schmidt, MD, treatment notes of 10 May 2000 through 2 August 2000;
 5. American Family Care, exam/treatment notes of 5 August 2000 through 7 September 2000;
 6. University of Alabama at Birmingham Student Health Services, Dr. William Folcher, MD, treatment notes of 14 September 2000 through 2 February 2001.
***********
Based upon all of the competent evidence adduced from the record and the reasonable inferences therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was employed by defendant-employer as a certified nurse midwife beginning approximately 1 April 2000.
2. On the evening of 7 May 2000, plaintiff was at home "on-call" for defendant-employer. While watching a movie with her boyfriend, plaintiff alleges that she received a telephone call from a patient of defendant-employer; that such patient was experiencing labor pains at the time of her call; that the patient's medical condition did not warrant presentation to the hospital labor and delivery room at that time; and that at the time of the call, plaintiff believed the patient might progress in her labor far enough that evening such that plaintiff would be called to the hospital to assist in the labor and delivery process.
3. Plaintiff further testified that after speaking with the patient, she proceeded down her stairs to unpack or pack a change of clothes in the event she was later called to go to the hospital that evening; that while going down her stairs, she lost her balance and fell, injuring her right knee and ankle; and that her boyfriend assisted her back upstairs and then to bed where she remained until the following morning.
4. Nothing in the record supports a finding that either the hospital, the alleged patient or defendant-employer ever called plaintiff to report to the hospital while she was "on-call" on the evening of 7 May 2000, or during the early morning hours of 8 May 2000. Admission and discharge logs of the Labor and Delivery department at Scotland Memorial Hospital indicate no patients from defendant-employer's practice were admitted or discharged from Scotland Memorial Hospital Labor Delivery, between 7 May 2000, 11:00 A.M. and 8 May 2000, 11:40 a.m., which would have covered the period plaintiff was "on-call."
5. At hearing before the Deputy Commissioner, plaintiff was unable to identify the name, or other contact information, of the patient who allegedly called her on the evening of 7 May 2000.
6. Plaintiff was subsequently terminated from her employment by defendant-employer on 7 July 2000 for reasons unrelated to this claim; thereafter, plaintiff filed her workers' compensation claim on a North Carolina Industrial Commission Form 18, dated 3 August 2000.
7. Plaintiff's testimony that she received a call from a patient of defendant-employer on the evening of 7 May 2000, causing her to take specific action during which she sustained an injury, is not accepted as credible. The greater weight of the evidence in the record supports a finding that plaintiff did not receive a telephone call from a patient of defendant-employer on the evening of 7 May 2000.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. An employee seeking indemnity compensation under the Act must first establish that the injury was an injury by accident arising out of and in the course and scope of their employment. N.C. Gen. Stat. § 97-2(6);Hollar v. Montclair Furniture Co., 48 N.C. App. 489, 269 S.E.2d 667
(1980).
2. Plaintiff has not proven by the greater weight of the evidence that she received a telephone call from a patient of defendant-employer on the evening of 7 May 2000, causing plaintiff to take specific action during which she was injured. Accordingly, plaintiff has failed to prove by the greater weight of the evidence that her 7 May 2000, injury to her right knee and ankle arose out of and in the course and scope of her employment. N.C. Gen. Stat. § 97-2(6)
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for worker's compensation benefits arising out of her injury of 7 May 2000 is DENIED.
2. Each party shall pay its own costs.
This the ___ day of December, 2001.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
 S/______________ RENE C. RIGGSBEE COMMISSIONER