***********
The Full Commission has reviewed the prior Opinion and Award based upon the proceedings before Deputy Commissioner Phillips and the briefs before the Full Commission. Both parties waived their right to oral argument before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission AFFIRMS the Opinion and Award of Deputy Commissioner Phillips with minor modifications.
 ***********
The Full Commission finds as fact and concludes as a matter of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS *Page 2 
1. The parties are subject to the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between the named employee and named employer.
3. The carrier liable on the risk is correctly named above.
4. The employee's average weekly wage is $700.00.
5. The employee sustained an injury on or about April 10, 2003.
6. The injury arose out of and in the course of employment and is compensable.
7. The parties stipulated into evidence as Stipulated Exhibit 1, plaintiff's medical records.
8. The parties stipulated into evidence as stipulated Exhibit 2 the following documents: (1) I.C. Forms; (2) Discovery; (3) Opinion and Award dated August 29, 2005; and (4) A Full Commission Opinion and Award dated April 19, 2006.
9. The following documents were also admitted into evidence: (1) Defendants' Exhibit 1: Employment Security Commission Records; (2) Defendants' Exhibit 2: Payment History.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, Plaintiff was a 50 year old male. On April 10, 2003, plaintiff sustained a back injury during his employment as an electrician with defendant-employer when he fell off a ladder. *Page 3 
2. Plaintiff worked for defendant-employer as an electrician for approximately ten years, through May 28, 2003. Following plaintiff's April 10, 2003 back injury, plaintiff remained out of work from May 28, 2003 through July 19, 2004. Plaintiff has been compensated by defendants for his time out of work during this time. Since April 10, 2003, plaintiff has undergone treatment for his back complaints from a variety of physicians.
3. Plaintiff eventually came under the care of Dr. Bruce Kihlstrom of Regional Neurosurgery on September 8, 2003. On September 30, 2003, plaintiff underwent surgery including a right L4-5 hemilaminectomy, diskectomy, and right lateral recess decompression at L3-4 performed by Dr. Kihlstrom. Plaintiff subsequently underwent conservative treatment including physical therapy. Plaintiff underwent a Functional Capacity Evaluation on March 25, 2004 which revealed he could return to work as an electrician without restrictions. Dr. Kihlstrom released plaintiff to return to work as an electrician and assigned a 10% permanent partial impairment rating to plaintiff's back.
4. Plaintiff subsequently returned to work as an electrician with Cape Fear Electric where he worked from July 19, 2004 through August 5, 2005. Plaintiff testified he left his employment with Cape Fear Electric for a better job as an electrician with Laney Electrical.
5. Plaintiff subsequently worked as an electrician with Laney Electrical from August 5, 2005 through January 6, 2007. Plaintiff testified he was laid off from his employment with Laney Electrical due to a lack of available work. The Employment Security Commission records likewise show that plaintiff's employment ended with Laney Electrical as a result of a lack of available work. Plaintiff received unemployment benefits in the amount of $311.00 per week from January 27, 2007 through June 23, 2007.
6. Following plaintiff's termination from his employment with Laney Electrical in *Page 4 
January, 2007, plaintiff underwent treatment at Wilmington Treatment Center from April 19, 2007 through May 16, 2007 as a result of his own self-referral due to alleged drug and alcohol abuse. Upon admission to Wilmington Treatment Center, plaintiff reported an increase in alcohol consumption due to the loss of his job with Laney Electrical.
7. Plaintiff's treatment at Wilmington Treatment Center from April 19, 2007 through May 16, 2007 included alcohol detoxification but no substance abuse detoxification was necessary.
8. Wilmington Treatment Center records dated April 28, 2007 and April 29, 2007 reveal that plaintiff carried boxes and ice chests without noting or showing any signs of back pain as alleged. The records further indicate that plaintiff played volleyball, diving for the ball and landing on his back several times with no apparent back pain.
9. Following his initial treatment at Wilmington Treatment Center, plaintiff returned to work with DPS Electrical, where he worked as an electrician from June 22, 2007 through August 13, 2007. Plaintiff testified and the Full Commission finds that he was laid off from his employment with DPS Electrical due to general layoffs.
10. Plaintiff received unemployment benefits from August 18, 2007 through September 1, 2007.
11. Plaintiff subsequently began working with AB Blake Electrical where he worked as an electrician from August 30, 2007 through November 9, 2007. Plaintiff's employment ended with AB Blake Electrical due to a shortage of work. Plaintiff further testified that other employees of AB Blake were laid off due to a lack of work.
12. Plaintiff's termination from his employment in November, 2007 resulted from causes unrelated to his April, 2003 back injury. *Page 5 
13. From November 12, 2007 through December 10, 2007, plaintiff again underwent treatment with Wilmington Treatment Center. Upon admission to Wilmington Treatment Center on November 12, 2007, plaintiff reported drug use including alcohol, opiates, Xanax, marijuana, cocaine, amphetamines, sedatives and hallucinogens. Plaintiff also reported he lost his job for reasons unrelated to his back condition and which resulted in him consuming massive amounts of alcohol.
14. Plaintiff subsequently underwent outpatient treatment with Wilmington Treatment Center from December 11, 2007 through March 14, 2008. During his outpatient treatment, plaintiff reported numerous outside stressors, including a son's DWI, severe marital stress, and two instances where he had to contact 911 Emergency Services for various reasons. Plaintiff also reported use of opiates, alcohol and marijuana.
15. The Full Commission finds that, as to plaintiff's treatment from November 12, 2007 through December 17, 2007, plaintiff did not initiate treatment for the opiates and the benzodiazepines, but came in due to the loss of his jobs and his resulting consumption of large amounts of alcohol.
16. A drug screen performed during plaintiff's outpatient treatment at Wilmington Treatment Center on February 27, 2008 revealed findings positive for cocaine use. At the hearing, plaintiff denied use of cocaine during that time.
17. Dr. Bernard Gottschalk, Medical and Clinical Director of the Wilmington Treatment Center, testified that plaintiff's initial treatment period from April 19, 2007 through May 16, 2007 arose from his opiate, benzodiazepine, and barbiturate addiction which began after his injury. Dr. Gottschalk, however, later testified and the Full Commission so accepts as fact, that both plaintiff's inpatient treatment periods were for alcohol abuse. Dr. Gottschalk testified *Page 6 
that the specific treatment that plaintiff received for both treatment periods was definitely only for alcohol.
18. Ms. Deborah Randol, a Licensed Clinical Addiction Specialist with Wilmington Treatment Center, also provided testimony. Ms. Randol has worked with Wilmington Treatment Center for approximately two years. Ms. Randol testified that the extent of her association with plaintiff during his treatment at Wilmington Treatment Center included overseeing two group meetings which plaintiff attended, with the groups consisting of six to seven people. Ms. Randol testified her first contact with plaintiff occurred in December of 2007. She further testified she has not reviewed records of plaintiff's treatment prior to December, 2007. The Full Commission assigns greater weight to the testimony of Dr. Gottschalk than the testimony of Ms. Randol.
19. Based on the greater weight of the competent and credible evidence, the Full Commission finds that plaintiff's treatment at the Wilmington Treatment Center resulted from causes unrelated to his April 10, 2003 back injury.
20. Plaintiff also underwent treatment with Dr. Patrick Boylan of Wilmington Orthopaedic Group, P.A. for his back complaints. Dr. Boylan treated plaintiff from November 19, 2007 and continuing. On March 4, 2008, Dr. Boylan restricted plaintiff from returning to work and defendants have paid temporary total disability benefits since that time.
21. Plaintiff has received temporary total disability compensation for his limited time out of work, from May 29, 2003 through July 19, 2004 and from March 4, 2008 and continuing. Plaintiff is currently undergoing pain management treatment with Dr. Boylan.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following: *Page 7 
 CONCLUSIONS OF LAW
1. Plaintiff did not meet his burden of proving that he is entitled to compensation and medical treatment for substance abuse, depression and anxiety as a result of his April 10, 2003 compensable back injury.Hollar v. Montclair Furn. Co., 48 N.C. App. 489, 269 S.E.2d 667 (1980);Young v. Hickory Bus. Furn., 353 N.C. 227, 538 S.E.2d 912 (2000).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for additional medical treatment as it relates to substance abuse, depression, and anxiety is hereby DENIED.
2. Each side shall bear its own costs.
This the ___ day of May, 2009.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ DIANNE C. SELLERS COMMISSIONER
 S/___________________ STACI T. MEYER *Page 8 
COMMISSIONER *Page 1