*********** *Page 2 
The Full Commission has reviewed the prior Opinion and Award based upon the record of proceedings before Deputy Commissioner Rideout and the briefs and arguments of the parties. The appealing party has not shown good ground to receive further evidence, or rehear the parties or their representatives. Following its review of the competent evidence of record, the Full Commission AFFIRMS with modifications the Opinion and Award of Deputy Commissioner Robert Wayne Rideout.
 *********** ISSUES
Plaintiff and Defendants submitted a number of issues directed to Plaintiff's employment relationship with each Defendant and application of N.C. Gen. Stat. § 97-19.1. After thorough review, a single issue is determinative of the result in this case. That issue is:
 • Whether Plaintiff suffered a compensable injury by accident or specific traumatic incident arising out of and while working in the course and scope of his employment with Eric Snyder d/b/a Snyder Trucking and/or J.F. Lomma on or about February 17, 2006?
 *********** EXHIBITS
The following exhibits were admitted into evidence:
1. Plaintiff's exhibits:
 a. Vocational note;
 b. Court ordered lien against Plaintiff; and
 c. Plaintiff's driver's logs.
2. Defendants Lomma and Travelers' exhibits: *Page 3 
 a. Recorded statement;
 b. Letter from Plaintiff's case manager showing the amount of the child support lien;
 c. Complaint and court documents filed by Plaintiff against Eric Snyder; and
 d. Motor vehicle report demonstrating Plaintiff's license was lost in May of 2006.
3. Defendant Snyder's exhibits include:
 a. Plaintiff's application of employment;
 b. Letter written by the law firm Crumley Associates to Snyder; and
 c. Check that Snyder wrote to Blankenship Chiropractic.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff is a forty-one year old resident of Mocksville, North Carolina. Plaintiff was a self-employed truck driver prior to December of 2005.
2. Snyder Trucking is a sole proprietorship by Eric Snyder based in Cleveland, North Carolina. Eric Snyder owned and operated a total of four trucks in late 2005 and 2006 and employed two other drivers. Snyder also employed a part-time employee who assisted with paperwork.
3. On December 18, 2003, Snyder Trucking entered into a "Master Lease Agreement" with Defendant J. F. Lomma (hereinafter "Lomma"), under which Snyder Trucking would haul freight emanating from contracts negotiated by Lomma. Lomma has an established *Page 4 
office and terminal in Charlotte, North Carolina. Snyder Trucking was responsible for providing and maintaining the trucks necessary to transport freight, provide drivers and pay their salaries and expenses, ensure that the drivers met all regulatory requirements, provide Lomma proof of motor vehicle liability and property damage insurance, and provide proof of workers' compensation insurance to Lomma or allow Lomma to purchase the necessary workers' compensation insurance and deduct premiums from Lomma's payments to Snyder Trucking under the contract.
4. Under the terms of the lease agreement, Lomma retained the right to ultimately approve all of Snyder Trucking's drivers responsible for performing Lomma's freight contracts. In addition, the cargo trailers were owned by Lomma.
5. The lease agreement between the parties specifically proves that Synder is an independent contractor and not an employee of Lomma and Synder and that the latter does not control the manner or method by which Synder fulfills his duties under the contract.
6. Snyder Trucking did not purchase workers' compensation insurance and Lomma did not purchase insurance to cover Snyder's drivers and offset the costs against payments to Snyder Trucking.
7. Plaintiff previously worked for Snyder from October of 2000 through October of 2001. Plaintiff contacted Snyder prior to December of 2005 seeking a job as a truck driver and was hired to fulfill the duties normally attendant to a truck driver after being cleared by Lomma to operate a tractor-trailer for Snyder Trucking and pull Lomma trailers which carried freight obtained by Lomma.
8. On Friday, February 17, 2006, Plaintiff was dispatched to West Virginia to transport a load of steel. Plaintiff contends he was securing the load to the trailer bed when a *Page 5 
binder chain unexpectedly gave way causing Plaintiff to lose his balance and fall approximately two feet backwards and one to three feet down landing in a seated position on a concrete wall. Plaintiff testified he experienced an immediate onset of pain and was forced to get assistance from other drivers on the yard to chain down the rest of the load.
9. Plaintiff maintained log books for all activities he performed as required by the United States Department of Transportation, the North Carolina Department of Transportation and the North Carolina Department of Motor Vehicles. Plaintiff's daily log for February 17, 2006 notes a fall from his trailer.
10. Plaintiff telephoned Snyder on February 17, 2006 to report the injury and seek medical assistance. Plaintiff communicated with Lomma's New Jersey office on Tuesday, February 21, 2006 and informed them of the incident and resulting injury.
11. Plaintiff initially sought treatment with the Cleveland Medical Center on February 21, 2006, and was referred for an MRI. Pain medication was prescribed and his driving was restricted.
12. Snyder directed Plaintiff to the Blakenship Chiropractic Clinic, and Plaintiff was examined on February 27, 2006. Plaintiff reported that: a) he was injured by accident, b) the injury occurred on the job, and c) the injury had been reported to the employer. Plaintiff was treated at Blakenship Chiropractic through May 1, 2006.
13. Plaintiff lost his commercials driver's license in May, 2006.
14. Plaintiff ceased working for Snyder on or about June 25, 2006, contending that his back injury precluded his ability to perform as a truck driver.
15. Plaintiff filed a Form 18 on July 7, 2006, giving notice of an accident on February 20, 2006, in Pittsburgh/Alleghany, Pennsylvania. In the Form 18 Plaintiff alleged that on *Page 6 
February 20, 2006, he was strapping down a load on his flatbed trailer when the chain he was pulling gave way and he fell off the trailer and landed on his back as opposed to his buttocks.
16. On August 1, 2006, an Amended Form 18 was filed noting the alleged injury occurred on February 17, 2006, in Beckley, West Virginia.
17. Defendant Travelers interviewed the Plaintiff on July 25, 2006. Plaintiff generally reported an accident consistent with his Form 18 as amended, but in response to a question if Plaintiff had any previous injuries to his back; Plaintiff falsely denied any previous injury and any previous similar back symptoms.
18. The totality of the medical evidence and lay testimony from Plaintiff's ex-wife, Paula Fox, compel a finding that Plaintiff had long-standing back problems dating from the 1990s. Plaintiff suffered from a back injury prior to his February 17, 2006 fall at work. In addition, Plaintiff had previously undergone an MRI on February 23, 2003 which revealed bilateral pars defect at L5-S1 with a five millimeter anterior spondylolisthesis at L5 on S1. Credible medical evidence establishes that Plaintiff was treated with Methadone for pain in approximately 2003.
19. Plaintiff was evaluated by Rhonda Elliot, PA-C for Dr. Ranjan S. Roy with Piedmont Neurosurgery and Spine, P.A. on December 29, 2006. Plaintiff reported symptoms of excruciating low back pain radiating into both hips and legs, and numbness into the big toe on his left foot. Plaintiff was referred for an MRI. Dr. Roy testified that Plaintiff was on "no work" status as of December 29, 2006 and continuing.
20. Medical notes from Piedmont Neurosurgery and Spine, P.A. reveal that Plaintiff reported his injury occurred when he fell off of his truck and on his way to the ground he hit some piping, again inconsistent with his Form 18 as amended. *Page 7 
21. Plaintiff's January 9, 2007 MRI revealed mild degenerative disk disease at L4-L5 with posterior midline focal annular tear and degenerative disk disease at L5-S1 with L5 spondyloloysis and less than Grade I anterior spondylolisthesis causing mild canal stenosis but severe bilateral foraminal stenosis.
22. Plaintiff underwent lumbar decompression and bone fusion with pedicle screws L4-S1, bone fusion L3-S1 on March 22, 2007 at Rowan Regional Medical Center performed by Dr. Roy.
23. Dr. Roy evaluated Plaintiff on May 9, 2007. Dr. Roy indicated that Plaintiff should not return to work in six months to a year. Dr. Roy also forecasted work restrictions upon release of Plaintiff from care and indicated that it would be ideal for Plaintiff to return to school and learn a trade that required very limited bending, twisting and lifting.
24. Plaintiff was also evaluated by Dr. Paul Jaszewski of Southeast Pain Center in Salisbury. Dr. Jaszewski opined that Plaintiff's post-February 17, 2006 pain started after the February 17, 2006 fall at work.
25. Plaintiff called Dr. Roy's office on May 25, 2007 and requested restrictions under which he could attempt to return to work. Dr. Roy assigned restrictions of no lifting over fifteen to twenty-five pounds, frequent change of position, and limited bending and twisting.
26. Plaintiff attempted to return to work with Pinot Diesel Repair on June 20, 2007 as a wrecker driver. This job required Plaintiff to lift at least fifty pounds on an occasional basis. Plaintiff presented his commercial drivers' license in seeking employment, falsely representing that his license was valid and active.
27. Amy Bolmer, owner of Pinot Diesel Repair, convincingly testified that while Plaintiff had performed his work in an excellent manner, he was discharged on October 26, 2007 *Page 8 
for multiple reasons; including discovery of the true status of Plaintiff's commercial drivers' license and suspicion that Plaintiff had repeatedly stolen petty cash and a firearm from the business.
28. Dr. Roy, an expert in the field of neurosurgery with an emphasis on spinal care, having reviewed Plaintiff's 2003 MRI and his post February 17, 2006 test results testified that Plaintiff's February 17, 2006 accident exacerbated Plaintiff's preexisting back condition. Dr. Roy also testified that there was no objective medical evidence that Plaintiff sustained an injury in February 2006, and his opinion was based on the clinical history provided by the Plaintiff.
29. Dr. Roy was asked a series of questions relating to whether Plaintiff's fall in February of 2006 aggravated a pre-existing back condition. The doctor initially answered that:
 anytime, or if a person just stands on his two feet and walks, that a problem can be made worse just by the fact they walk on two feet. Any traumatic incident, such as the one he had, can bring on more acute pain, not necessarily make the problem worse, but just bring on the pain because there is so much tightness around the nerve. So a pre-existing condition such as this can get worse with time, or on its own without a trauma, but with trauma the symptoms can become much worse at a much quicker rate much earlier than anticipated.
30. When asked how the lack of a full history affects his ability to treat Plaintiff, Dr. Roy answered, "It hampers everything because, number one, I don't know what's real and what's not. I don't know what the rating should be, as you mentioned. It's hard for me to decide what is from the trauma and what is the pre-existing condition."
31. Plaintiff deliberately concealed his prior back condition and pain from Dr. Roy and the Defendants.
32. Given the extent of impeachment of the Plaintiff's credibility, the Plaintiff's largely uncorroborated testimony standing alone is insufficient to establish that plaintiff *Page 9 
experienced any injury on February 17, 2006.
 ***********
The foregoing Stipulations and Findings of Fact engender the following additional:
 CONCLUSIONS OF LAW
1. Plaintiff was an employee of Snyder Trucking on February 17, 2006. N.C. Gen. Stat. § 97-2(2).
2. Snyder operating as a sole proprietor regularly employed three or more employees throughout the relevant period in this action and is subject to the Workers' Compensation Act. N.C. Gen. Stat. §§ 97-2(1) 97-93.
3. As Snyder did procure workers' compensation insurance as required by law, Lomma is a statutory employer pursuant to N.C. Gen. Stat. § 97-19.1 which provides:
 Any principal contractor . . . irrespective of whether such contractor regularly employs three or more employees, who contract with an individual in the interstate or intrastate carrier industry who operates a truck, tractor, or truck tractor trailer licensed by the United States Department of Transportation and who has not secured the payment of compensation in the manner provided for employers set for in G.S. § 97-93 for . . . subcontractors. . . . shall be liable as an employer under this Article for the payment of compensation and other benefits. . . .
Lomma's contention that the contract between the parties classifying Snyder Trucking as an independent contractor is controlling is not well taken. "No contract or agreement, written or implied, no rule, regulation, or other device shall in any manner operate to relieve an employer in whole or in part, of any obligation. . . ." N.C. Gen. Stat. § 97-6.
4. The Plaintiff must demonstrate that he suffered an injury by accident arising out of and in the course of the employment.E.g. Hollar v. Montclair Fum. Co., 48 N.C. App. 489,269 S.E.2d 667 (1980). In order for an injury to be compensable under the North Carolina *Page 10 
Workers' Compensation Act, a claimant has the burden of proving: (1) that the injury was caused by an accident; (2) that the injury was sustained in the course of the employment; and (3) that the injury arose out of the employment. Wake CountyHsp. Sys. Inc., v. St. Paul Fire and Marine Ins. Co.,127 N.C. App. 33, 38-39,487 S.E.2d 789,792 (1997) (citingGallimore v. Marilyn's Shoes, 292 N.C. 399,402,233 S.E.2d 529, 531 (1977)).
5. In proving an injury by accident, Plaintiff has the burden of proving each and every element of compensability. See e.g.Harvey v. Raleigh Police Dep't,96 N.C. App. 28, 384 S.E.2d 549 (1989).
6. Having considered all of the evidence of record, resolving the conflicts and weighing the probative weight of the credible evidence, the Plaintiff has failed to carry the burden of proof that he sustained an injury by accident on February 17, 2006. N.C. Gen. Stat. § 97-2(6).
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the undersigned enters the following:
 AWARD
1. Plaintiff's claim for workers' compensation benefits is hereby DENIED.
2. Each side shall bear its own costs.
3. This case shall be REMOVED from all hearing dockets.
This the 21st day of August, 2009.
S/___________________ DANNY LEE McDONALD COMMISSIONER *Page 11 
CONCURRING:
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 *Page 1